UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RECEIPT # 15966
AMOUNT $ 250.00
SUMMONS ISS.
LOCAL RULE 4.1
WAIVER OF SERV.
MCF ISSUED
BY DPTY CLK
GR 121
8-2-05

CIVIL ACTION NO.

DAVID COX,

      Plaintiff

v.

RYAN MARINI, SEAN BORDWELL, AND JOHN DOE,

      Defendants.

**COMPLAINT**

05-11608 GAO

Referred to MJ JG Dein

## INTRODUCTION

1. This is an action by the Plaintiff, David Cox, seeking to recover damages arising for the physical and mental injuries he received when he was brutally attacked and beaten by the Defendants Ryan Marini, Sean Bordwell, and an unidentified John Doe, in a racially motivated attack.

## PARTIES

2. The Plaintiff, David Cox ("Cox"), is a male of Asian decent, who resides in New Haven, Connecticut.

3. Defendant Ryan Marini ("Marini") is an adult white male. Upon information and belief, Marini currently resides at 4 Deer Path, Maynard, Massachusetts.

4. Defendant Sean Bordwell ("Bordwell") is an adult white male. Upon information and belief, Bordwell's last known address is 13405 Chrystal Rock Court, Chantilly, Virginia 20151.

5. Defendant John Doe ("Doe") is an adult white male who also participated in the Defendants' brutal attack on Mr. Cox. Doe's identity and whereabouts are unknown at this time.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332, 1331, 1391(b) and 1367(a).

7. Each of the defendants, Ryan Marini, Sean Bordwell and John Doe, are subject to personal jurisdiction in this judicial district.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b).

9. This Court has diversity of citizenship jurisdiction over this entire action pursuant to 28 U.S.C. § 1332, because this is an action for damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees, and there is complete diversity of citizenship.

## GENERAL ALLEGATIONS

10. In the early morning hours of August 17, 2002, Mr. Cox encountered the Defendants as he walked to a nearby convenience store in Brighton. As Mr. Cox was about two blocks from the store, he walked by the Defendants. Defendant Marini turned to Mr. Cox and shouted "You faggot, I'm going to kick your ass, motherf**ker."

11. Mr. Cox continued to the store and made his purchases. As he left the store, the Defendants confronted him.

12. Defendant Marini stated to Mr. Cox, "what the f**k are you doing on my street… this is my hood." Mr. Cox tried to continue on his way, but Defendant Marini then purported that Mr. Cox owed him a $10 "tax" for walking on "his street."

13. Defendant Bordwell jabbed Mr. Cox in the chest demanding the $10 tribute payment and threatening "Do you want to get your ass beat over this?"

14. Defendant Doe threatened to "kill" Mr. Cox. He further taunted Mr. Cox to "take a swing" so that the Defendants could "kill him." Mr. Cox refused the Defendants' attempts to

provoke him into a physical altercation. Defendant Doe said "yeah motherf\*\*ker, we are going to kill you, you slant-eyed motherf\*\*ker," or words to that effect.

15. As Mr. Cox attempted to flee, Defendant Doe punched him in the eye. Defendant Bordwell then held Mr. Cox while Defendant Doe and Defendant Marini punched him in the head and chest.

16. After a number of blows to the head, Mr. Cox fell to the ground. The Defendants proceeded to kick Mr. Cox while he lay on the ground.

17. When Mr. Cox was able to struggle to his feet, the three Defendants rammed his head into a parked car. Defendant Doe then rammed Mr. Cox's head into another parked car. Mr. Cox then collapsed to the curb and faded in and out of consciousness.

18. As Mr. Cox laid on the curb, bleeding and losing consciousness, the three Defendants continued their savage attack by kicking him and bombarding him with racist epithets and other vulgarities.

19. At this point Mr. Cox spotted a Metropolitan Police car and stumbled toward it. He was able to summon the assistance of the officer inside. Only after the Metropolitan Police Officer responded and contacted the Boston Police, did the Defendants stop their savage attack.

20. Mr. Cox went to a nearby hospital for treatment for his injuries, which included a fractured rib, black eye, and numerous cuts and contusions.

21. Mr. Cox suffered and continues to suffer severe mental and emotional distress, fright, shock and anxiety as a result of the Defendants' attack. He believes that the Defendants were trying to kill him through this vicious and unprovoked attack.

22. As a result of the Defendants' actions, Mr. Cox has suffered substantial physical and emotional harm in an amount to be determined at trial far exceeding $25,000.

## Count I
### Conspiracy to Deprive the Plaintiff of his Constitutional Rights and Privileges Under 42 U.S.C. § 1985(3)

23. Mr. Cox realleges and incorporates herein by reference the allegations set forth in paragraphs 1-22 above.

24. The defendants conspired to deprive the plaintiff, Mr. Cox, of his liberty by agreeing to hold him against his will and restricting his liberty and right to travel freely within the State as well as his right to travel between the states, and taking actions to further that agreement.

25. The defendants each directly deprived the plaintiff, Mr. Cox, of his liberty by holding him against his will through the use of force.

26. The defendants are liable for violating 42 U.S.C. § 1985(3) by conspiring to deprive the plaintiff, Mr. Cox, of equal privileges and immunities under the law.

## Count II
### Violation of the Massachusetts Civil Rights Act

27. Mr. Cox realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 26.

28. By their acts and conduct stated herein, the Defendants intentionally interfered with Mr. Cox's exercise and enjoyment of the fundamental rights secured to him and all other citizens under the Constitution and laws of the United States and of the Commonwealth of Massachusetts, including the right to use public streets and sidewalks and the right to security of the person, in violation of the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, §§ 11I, et seq.

29. As a result of the Defendants' actions, Mr. Cox has suffered substantial physical and emotional harm in an amount to be determined at trial far exceeding $25,000.

### Count III
### Assault and Battery

30. Mr. Cox realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 29.

31. As set forth herein, the Defendants assaulted and battered Mr. Cox by repeatedly striking him in the face and body and by repeatedly kicking Mr. Cox.

32. As a result of the Defendants' acts and conduct herein, Mr. Cox was injured and has suffered great pain and anguish of the body and mind, and has been damaged in an amount to be determined at trial far exceeding $25,000.

### Count IV
### Intentional Infliction of Emotional Distress

33. Mr. Cox realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 32.

34. The Defendants acted knowingly and intentionally with reason to know that their acts and conduct as set forth herein would cause emotional distress to Mr. Cox.

35. The Defendants' actions were extreme and outrageous, and beyond all bounds of decency and utterly intolerable in a civilized community, specifically, the Defendants' acts of hitting, kicking and verbally abusing Mr. Cox on account of his race.

36. The Defendants' conduct caused severe mental and emotional distress, fright, shock and anxiety to Mr. Cox, and as a consequence, he has suffered injury and damage of the nature that no reasonable person could be expected to endure.

37. Alternatively, the Defendants' conduct was negligent and caused Mr. Cox emotional distress which was reasonably foreseeable as a direct consequence of their actions. As a result, Mr. Cox suffered physical harm, which caused or was caused by his emotional distress.

38. As a result of the Defendants' actions and conduct as stated herein, Mr. Cox has suffered substantial damage in an amount to be determined at trial far exceeding $25,000.

## Count V
## False Imprisonment

39. Mr. Cox realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 38.

40. During the course of the brutal beating described herein, the Defendants physically prevented Mr. Cox from leaving and physically restrained his liberty with threats and acts of violence.

41. Even as Mr. Cox attempted to flee, the Defendants pursued him and prevented him from leaving the scene as they perpetrated their vicious attack.

42. As a result of the Defendants' actions and conduct as stated herein, Mr. Cox has suffered substantial damage in an amount to be determined at trial far exceeding $25,000.

WHEREFORE, the plaintiff, David Cox, requests that this Court enter judgment in his favor against the Defendants, jointly and severally, as follows:

1. Award Mr. Cox his damages, including, but not limited to, punitive damages, costs and attorney fees incurred in bringing this action; and

2. Award such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all claims so triable.

DAVID COX

By his attorneys,

HOLLAND & KNIGHT LLP

_____
Deborah S. Griffin (BBO #211460)
Leigh Earls Slayne (BBO #567865)
Damon P. Hart (BBO #644586)
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Barbara J. Dougan (BBO #558392)
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
UNDER THE LAW
294 Washington Street, Suite 443
Boston, MA 02108
(617) 482-1145

Dated: August 2, 2005

# 1424511_v1

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DAVID COX

## DEFENDANTS
RYAN MARINI, SEAN BORDWELL and JOHN DOE

(b) County of Residence of First Listed Plaintiff **New Haven County in Connecticut**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Damon P. Hart, Esq., Holland & Knight LLP
10 St. James Ave., Boston, MA 02116
(617) 523-2700

Attorneys (If Known)

**05-11608 GAO**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  / ☐ 371 Truth in Lending |  |  | ☐ 810 Selective Service |
|  | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract |  / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) |  |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 U.S.C. Sec. 1332; 42 U.S.C. Section 1985(3)**
Brief description of cause:
**This case seeks damages arising from a racially-motivated beating.**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: August 2, 2005
SIGNATURE OF ATTORNEY OF RECORD: _[signature]_

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __David Cox v. Ryan Marini__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,     05 - 11603 GAO
             690, 810, 861-865, 870, 871, 875, 900.

    ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                                         YES        (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

                                                         YES        (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                         YES         NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                                                         YES        (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                        (YES)        NO

    A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        (EASTERN DIVISION)       CENTRAL DIVISION        WESTERN DIVISION

    B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION         CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ___Damon P. Hart, Esq.___
ADDRESS ___Holland & Knight LLP, 10 St. James Ave., Boston, MA 02116___
TELEPHONE NO. ___(617) 523-2700___

(Cover sheet local.wpd - 11/27/00)