UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11608-GAO

DAVID COX,

        Plaintiff,

v.

RYAN MARINI, SEAN BORDWELL,
AND JOHN DOE,

        Defendants.

### DEFENDANT RYAN MARINI'S MEMORANDUM OF LAW
### IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

The Defendant Ryan Marini hereby submits this memorandum of law in support of his motion for a protective order that he not be required to disclose, through initial disclosures or otherwise, the name and address of Defendant John Doe.

### I. BACKGROUND

In this action, the Plaintiff, David Cox, seeks to recover damages arising from injuries he suffered when he was allegedly attacked and beaten by the Defendants Ryan Marini, Sean Bordwell and the individual identified in Plaintiff's Complaint as John Doe. Complaint, at ¶ 1. The Plaintiff asserts claims for conspiracy to deprive the Plaintiff of his Constitutional rights and privileges under 42 U.S.C. §1985(3) (Count I), violation of the Massachusetts Civil Rights Act, Mass. Gen. L. ch. 12, §§ 11H and 11I (Count II), assault and battery (Count III), intentional infliction of emotional distress (Count IV) and false imprisonment (Count V). Id. at ¶¶ 23-42.

Although Mr. Marini was prosecuted for his involvement in the alleged attack, John Doe was never identified. Marini Affidavit, at ¶ 3. During conversations that took place between John Doe and Mr. Marini before and after Mr. Marini was convicted, John Doe threatened to kill Mr. Marini and his family if Mr. Marini disclosed John Doe's identity to police. Id. at ¶¶ 4-5. Out of fear for both his own safety and the safety of his family, Mr. Marini has never disclosed John Doe's identity. Id. at ¶ 6. Mr. Marini fears that John Doe, who is still in the Boston area, will harm Mr. Marini and or his family if Mr. Marini is required to disclose John Doe's identity in connection with this action. Id. at ¶¶ 7-8.

## II. ARGUMENT

This Court must enter a protective order excusing Mr. Marini from any obligation to disclose John Doe's identity, either as part of Mr. Marini's initial disclosures or in response to discovery, because John Doe has threatened to kill Mr. Marini and his family if Mr. Marini discloses John Doe's identity.

It is well-established that good cause exists for entry of a protective order to prevent disclosure of a witness's identity where disclosure would endanger his or her life. See, e.g., McGrath v. Vinzant, 528 F.2d 681, 684 (1st Cir. 1976) (rape victim not required to disclose address; while there was no formal showing of danger, "the circumstances both imply a claim of danger and supply a factual basis for that claim, and we believe them to be sufficient substitutes for a more explicit showing"); Clark v. Ricketts, 958 F.2d 851, 855 (9th Cir. 1991), cert. denied, 113 S.Ct. 117, 506 U.S. 838, 121 L.Ed.2d 73 (1992) (trial court did not err in precluding cross-examination by accused concerning prosecution witness's true name and address since it was demonstrated during in camera

proceeding that witness was Drug Enforcement Agency informant, threats against his life had been made, there still were cases pending in which he would give information, and his life would be endangered by the disclosure of his true name and address); U.S. v. Washington, 797 F.2d 1461, 1474-75 (9th Cir. 1986) (in prosecution for engaging in prostitution-related activities, trial court properly acted within its discretion to preclude questioning concerning addresses of prostitutes who testified for defense, since record included testimony that accused had beaten prostitutes); U.S. v. Mesa, 660 F.2d 1070, 1075-76 (5th Cir. 1981) (trial court did not err in relying on statements of prosecutor that government witness had received threats and that a "contract" had been taken out on his life); U.S. v. Contreras, 602 F.2d 1237, 1239 (5th Cir.), cert. denied, 100 S.Ct. 466, 444 U.S. 971, 62 L.Ed.2d 387 (1979) (prosecution moved to preclude cross-examination of government agent as to facts that might permit him and his family to be located, supporting motion with sworn affidavit that confidential informants revealed a "contract" had been initiated for murder of agent; trial court properly granted motion after an evidentiary hearing); U.S. v. Watson, 599 F.2d 1149, 1157 (2nd Cir. 1979) (trial court acted within its discretion to preclude questions concerning witness's activities where prosecutor told court that witness was in witness-protection program, that threats had been made on his life, and that disclosure of information in response to questions would jeopardize witness's life); U.S. v. Rice, 550 F.2d 1364, 1371 (5th Cir. 1977) (prosecutor informed court at in camera conference that inquiry into witness's work would reveal where he was working and would endanger him); U.S. v. Avalos, 541 F.2d 1100, 1117 (5th Cir. 1976) (trial court had discretion to preclude questioning concerning witnesses'

backgrounds where witnesses testified that they were in witness-protection program and had recently been relocated as a precautionary measure).

This, for example, in Carhart v. Ashcroft, 300 F.Supp.2d 921, 922 (D.Neb. 2004) the court ruled that it would enter a protective order to protect the identity of an expert witness on the grounds that his or her "life would truly be endangered should his or her identity be disclosed to the public during depositions, trial, or otherwise." In that case, the expert witness was a physician that was to give testimony regarding a banned medical procedure known as partial birth abortion and with which the physician had experience. Id. Noting that "where the safety of a witness might be jeopardized by compelling testimony to be given under normal conditions, the courts have permitted testimony to be given in camera, outside the courtroom, or under other circumstances that afford protection," the court opined that it had "never seen a more compelling showing for the need to protect the identity of a witness". Id. at 922, 923, citing, 28 Charles A. Wright & Victor J. Gold, FEDERAL PRACTICE and PROCEDURE § 6164, at 350-51 (1993).

By the same token, there is good cause for entering a protective order in the present case excusing Mr. Marini from revealing John Doe's true identity because disclosure of that information will endanger the lives of Mr. Marini and his family. Indeed, John Doe threatened on more than one occasion to kill Mr. Marini and his family if Mr. Marini identified John Doe to the police. Marini Affidavit, at ¶¶ 4-5. Accordingly, this Court should enter a protective order that Mr. Marini is not required to disclose John Doe's identity.

## III. CONCLUSION

WHEREFORE, based upon the foregoing points and authorities the Defendant Ryan Marini respectfully requests that this Honorable Court enter a protective order that Defendant Marini not be required to disclose, through initial disclosures or otherwise, the name and address of Defendant John Doe.

DEFENDANT RYAN MARINI

Respectfully submitted,

*/s/ Matthew P. Zayotti*
Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

Dated: May 26, 2006

---

**CERTIFICATE OF SERVICE**
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 26, 2006.

*/s/ Matthew P. Zayotti*

5