UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID COX,<br><br>    Plaintiff,<br><br>v.<br><br>RYAN MARINI, SEAN BORDWELL, and JOHN DOE,<br><br>    Defendants. | Civil Action No. 05-11608-GAO |

### PLAINTIFF DAVID COX'S OPPOSITION TO DEFENDANT RYAN MARINI'S MOTION FOR PROTECTIVE ORDER

The Plaintiff, David Cox, hereby opposes the Motion for Protective Order filed by Defendant Ryan Marini ("Marini") requesting the Court to facilitate his concealment of the name and address of his cohort in the brutal attack on David Cox. This assailant is now named in this case as Defendant John Doe ("Doe"). Marini's Motion must be denied because it is an attempt to obstruct justice by concealing the identity of a known assailant and key figure in this case.

The identity of Doe is crucial in order for this case to be resolved against all necessary parties. Additionally, Marini has not demonstrated "good cause" that would entitle him to a protective order because he failed to present compelling evidence sufficient to warrant the concealment of a critical party to the case. Moreover, Marini's claim that he was threatened by Doe nearly four years ago lacks credibility. Indeed, if Marini truly is fearful, then his course of action would have been to seek immediate assistance from law enforcement. Instead, Marini requests this Court to participate in the cover-up of the defendant Doe's role in the initial crime – the attack on David Cox – as well as to legitimize Doe's subsequent crime: his threats and intimidation in an attempt to thwart justice and tamper with a court proceeding. Even if Marini's claims are credible, the Court must balance the equities of a four year old threat against the

imperative need that David Cox has for this information. On balance, this Court should permit David Cox to seek justice and deny Marini's Motion.

## ARGUMENT

David Cox has an absolute right to know the identity and address of each individual likely to have discoverable information as per Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure. There is no more relevant discoverable information in this case other than the identity of the third attacker. Marini admits that he has this information but refuses to comply with the Rules. Moreover, Defendant Sean Bordwell ("Bordwell"), claims that Doe was a friend of Marini whom he did not know. Bordwell's Initial Disclosure, at ¶ 4. Bordwell claims that he only knows Doe as "A.K." Therefore, the only source for Doe's identity is Marini.

### I. MARINI'S MOTION FOR A PROTECTIVE ORDER MUST FAIL BECAUSE GOOD CAUSE DOES NOT EXIST

Rule 26(c) of the Federal Rules of Civil Procedure permits the district court to grant a protective order in the discovery context only upon a showing of "good cause." Rodríguez v. Boehringer Ingelheim Pharmaceuticals, Inc., 425 F.3d 67, 73 (2005). In bringing this motion Marini has the burden. Marini has failed to meet his burden of demonstrating good cause for the entry of a protective order because he failed to present compelling evidence sufficient to warrant the concealment of a critical party to the case. The Court must keep in mind the nature of this case: Doe participated in a vicious, racially motivated attack that caused David Cox to endure significant physical and mental injuries including a fractured rib, multiple abrasions to his face and body, and psychological effects from the beating that continue to the present day. The identity of Doe is vital to this case. Therefore, Marini must be required to disclose the name and address of Doe.

## II. MARINI'S CLAIM LACKS CREDITABILITY AND THERE IS NO THREAT OF IMMEDIATE HARM

Marini's allegation that his friend Doe threatened him lacks credibility. Doe is clearly an acquaintance of Marini and this Motion is his attempt to protect a friend and cohort in a criminal activity. The fact that Marini waited nearly four years to seek protection belies the credibility of this so-called threat. The dilatory timing of Marini's Motion leads to the conclusion that he does not have a genuine fear of Doe. Keene v. Gangi, 60 Mass. App. Ct. 667, 670 (2004) (Finding that delay in seeking a protective order indicates that there was not a "fear of imminent serious physical harm"). (Emphasis added). Even if Marini was legitimately fearful of Doe's threat, in order to receive a protective order, the threat of harm must be imminent, which is not the case here. Id. Based on Marini's own affidavit, Doe threatened Marini about revealing his identity to the police after his arrest in 2002 and when he was convicted in 2003. Marini Affidavit, at ¶¶ 4-5. Two threats purportedly made three and four years ago are most certainly not imminent and does not demonstrate that Marini is in impending danger.

## III. DOE'S THREAT IS FURTHER CRIMINAL ACTIVITY

Doe tampered with the criminal prosecution of the attack on David Cox, in violation of Mass. Gen. Laws ch. 265, §13B, which states, in pertinent part:

> Whoever, directly or indirectly, willfully endeavors by . . . misrepresentation, intimidation, force or express or implied threats of force to influence, impede, obstruct, delay or otherwise interfere with any witness or juror in any stage of a trial, grand jury or other criminal proceeding or with any person furnishing information to a criminal investigator relating to a violation of a criminal statute of the commonwealth, and whoever injures any person or damages his property on account of the giving of such information to a criminal investigator or on account of testimony given at a trial, grand jury or other criminal proceeding, shall be punished . . . .

Further, Doe has threatened to commit the crime of murder. If Marini's claims are credited, then Doe has violated Massachusetts and Federal law because he has made threats with the intent to influence a proceeding, cause a person to withhold testimony and personally evade legal process. Marini essentially is requesting the Court's assistance in Doe's violation of the law.

Finally, the cases Marini relies upon are distinguishable from the case at bar. First, Marini lacks the standing to assent privacy rights on behalf of Doe. Furthermore, the cases cited by Marini involved <u>victims</u> of crimes, and or <u>witnesses</u> to criminal activity seeking protection of certain information such as their identity and or address. Here, Marini and Doe are the perpetrators of the horrible beating of David Cox. Accordingly, Marini and Doe do not warrant the same protections offered by the Court to victims and witnesses.

## **CONCLUSION**

Based on the foregoing, Marini's Motion for Protective Order must be denied and he should be compelled to disclose the name and address of Doe within 24 hours.

## REQUEST FOR ORAL ARGUMENT

David Cox makes a request for oral arguments on this matter.

Respectfully submitted,

DAVID COX

By his attorneys,

Holland & Knight LLP

/s/ Damon P. Hart
Deborah S. Griffin (BBO No. 211460)
Damon P. Hart (BBO No. 644586)
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Barbara J. Dougan (BBO No. 558392)
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER THE LAW
294 Washington Street, Suite 443
Boston, MA 02108
(617) 482-1145

Dated: June 16, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 16th of June, 2006.

/s/ Damon P. Hart
Damon P. Hart

5