UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11608-GAO

| |
|---|
| DAVID COX, <br><br> **Plaintiff,** <br><br> v. <br><br> RYAN MARINI, SEAN BORDWELL, AND JOHN DOE, <br><br> **Defendants.** |

**DEFENDANT RYAN MARINI'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR RECONSIDERATION**

The Defendant Ryan Marini hereby submits this Memorandum of Law in Support of his Motion for Reconsideration.

**I. STATEMENT OF FACTS**

In this action, the Plaintiff, David Cox, seeks to recover *monetary damages* arising from injuries he suffered when he was allegedly attacked by the Defendants Ryan Marini, Sean Bordwell and the individual identified in Plaintiff's Complaint as John Doe. Complaint, at ¶ 1. Although Mr. Marini was prosecuted for his involvement in the alleged attack, Defendant John Doe was never identified. Marini Affidavit, at ¶ 3. During conversations that took place between John Doe and Mr. Marini before and after Mr. Marini was convicted, John Doe threatened to kill Mr. Marini and his family if Mr. Marini disclosed John Doe's identity to police. Id. at ¶¶ 4-5. Out of fear for both his own safety and the safety of his family, Mr. Marini has never disclosed John Doe's identity. Id. at ¶ 6. Mr. Marini remains fearful that if he identifies John Doe in connection with this action, John Doe will harm Mr. Marini and/or his family. Id. at ¶¶ 7-8.

On May 26, 2006, Mr. Marini filed a Motion for Protective Order excusing him from any obligation to disclose Defendant John Doe's on grounds of the threats made against Mr. Marini and his family.

On June 16, 2006, the Plaintiff David Cox filed his opposition to Mr. Marini's Motion for Protective Order, arguing in conclusory fashion that Defendant's Motion for Protective Order should be denied because: (a) Mr. Marini failed to demonstrate good cause for the entry of a protective order; (b) Mr. Marini's delay of "nearly four years to seek protection belies the credibility of the threats against him and his family"; and (c) allowance of Mr. Marini's request for a protective order would effectively assist Defendant Doe to evade the consequences of his criminal conduct. Plaintiff's Opposition to Motion for Protective Order, at 2-4

On July 20, 2006, this Court denied Mr. Marini's Motion for Protective Order without a hearing and without issuing a written decision delineating the Court's reasoning in denying Mr. Marini's request.

## II. ARGUMENT

### A.   STANDARD FOR GRANTING RECONSIDERATION

When faced with a motion to reconsider, the district court must apply an interests-of-justice test. Douglas v. York County, 360 F.3d 286, 290 (1st Cir. 2004), citing, United States v. Roberts, 978 F.2d 17, 21 (1st Cir.1992); Greene v. Union Mut. Life Ins. Co., 764 F.2d 19, 23 (1st Cir.1985). In that regard, motions for reconsideration of an interlocutory district court decision do not necessarily fall within any specific Federal Rule but rather rely upon "the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires." Greene, 764 F.2d at 22, citing, Dow Chemical, USA v. Consumer Product Safety Commission, 464 F.Supp. 904, 906 (W.D.La. 1979); John Simmons Co. v. Grier Brothers Co.,

2

258 U.S. 82, 90-91, 42 S.Ct. 196, 199, 66 L.Ed. 475 (1922); Campos v. Puerto Rico Sun Oil Co., 536 F.2d 970, 976 n. 6 (1st Cir. 1976); United States v. Jerry, 487 F.2d 600, 605 (3rd Cir. 1973); Hodgson v. United Mine Workers of America, 473 F.2d 118, 125-26 n. 38 (D.C. Cir. 1972); 11 C. Wright & A. Miller, FEDERAL PRACTICE and PROCEDURE (Civil) § 2852 (1973); *Notes of Advisory Committee on Rules,* Fed. R. Civ. P. 60(b) ("[I]nterlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief as justice requires."). The broad "interests of justice" standard, which guides the Court's analysis, is highly discretionary. Greene, 764 F.2d at 22; Roberts, 978 F.2d at 22 (noting that the interests of justice test "covers considerable ground").

**B.  RECONSIDERATION IS REQUIRED IN THE INTERESTS OF JUSTICE BECAUSE THE PERSONAL HEALTH, SAFETY AND WELFARE OF MR. MARINI AND HIS FAMILY FAR OUTWEIGH THE PLAINTIFF'S PECUNIARY INTERESTS IN PURSUING A MONETARY JUDGMENT AGAINST DEFENDANT JOHN DOE**

Reconsideration of this Honorable Court's Order denying Mr. Marini's request for a protective order, excusing him from any obligation to disclose John Doe's identity, is required in the interests of justice because the personal health, safety and welfare of Mr. Marini and his family far outweigh the Plaintiff's pecuniary interests in pursuing a monetary judgment against Defendant John Doe.

In assessing whether to issue a protective order, courts are required to balance the harm to defendant against the relevance of and the necessity for the requested information. Multi-Core, Inc. v. Southern Water Treatment Co., 139 F.R.D. 262, 264 (D.Mass. 1991), citing, 8 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2043 (1970). See also, ITT Electro-Optical Products Div. of ITT Corp. v. Electronic Technology Corp., 161 F.R.D. 228, 231 (D.Mass. 1995) (court must balance need for trade secrets against claim of injury resulting from disclosure);

3

Giorgi v. Doody, 537 F.Supp. 1251, 1254 (D.Mass. 1982) (privacy interests must be balanced against competing need for information).

In Ramirez Rodriguez v. Boehringer Ingelheim Pharmaceuticals, Inc., 425 F.3d 67 (1st Cir. 2005), under circumstances far less compelling than the present case, the First Circuit Court of Appeals upheld a protective order protecting the identities of three physicians that provided written statements which formed the sole basis upon which the defendant employer terminated the plaintiff's employment. Although the defendant disclosed the statements to the plaintiff during discovery, it did so only after redacting the physicians' names and addresses, citing the physicians' concerns that the plaintiff might seek reprisal against them if the plaintiff learned their identities. 425 F.3d at 73. The plaintiff filed a motion to compel, arguing that he had a right to "know all the details related to th[e] statements, and to depose, if necessary, those physicians who allegedly prepared said statements." Id. In denying the plaintiff's motion to compel and granting the defendant's cross-motion for protective order, the district court explained that it was granting the employer's request for protection to "safeguard what appears to be a legitimate concern for defendant, *i.e.*, the physicians' fear of reprisal by [plaintiff]." Id. On appeal, the First Circuit Court of Appeals rejected the plaintiff-appellant's argument that the district court erred because the defendant-appellee "did not submit any supporting document or specific fact to sustain the [physicians'] alleged 'fears' of reprisal, and therefore did not show good cause for the order." Id. In rejecting the plaintiff-appellant's argument, the Court of Appeals opined that the district court appropriately "used its discretion to craft an order tailored to the situation it faced," which order was merely a "temporary remedy that [could have been] modified if adequate safeguards [were] offered." Id. at 73-74.

4

By contrast to the generalized fear of reprisal that formed the basis for the protective order upheld in the Ramirez Rodriguez case, in the present case Mr. Marini submitted a sworn statement in which he described specific threats of reprisal made by Defendant John Doe. Specifically, Defendant Doe threatened to kill Mr. Marini and his family if Mr. Marini disclosed Defendant Doe's identity to the authorities. Marini Affidavit, at ¶¶ 4-5. Clearly, the health, safety and welfare of Mr. Marini and his family far outweigh the Plaintiff's pecuniary interest in pursuing a judgment for monetary damages against Defendant John Doe. Indeed, notwithstanding the Plaintiff's argument to the contrary, it is difficult to imagine a more compelling interest than the protection of human life.

Moreover, the Plaintiff's argument that Mr. Marini's fears are not credible because Mr. Marini "waited nearly four years to seek protection," see Opposition, at 3, is completely illogical in light of the nature of threats. In that regard, John Doe threatened harm to Mr. Marini and his family if Mr. Marini disclosed John Doe's identity. Thus, as long as Mr. Marini did not disclose John Doe's identity, Mr. Marini had no reason to seek protection. Thereafter, when it became apparent that the Plaintiff would seek to compel the disclosure of John Doe's identity, Mr. Marini timely sought relief from this Court by filing a Motion for Protective Order. Accordingly, there is no reasonable basis to infer that Mr. Marini's sworn statement is not credible.

Finally, the Plaintiff's argument that allowance of the requested protective order should be denied because the allowance thereof would effectively assist Defendant Doe to evade the consequences of his criminal conduct is entirely without merit. Opposition, at 4. In addition to the fact that Defendant John Doe's threats constitute a crime in no way diminishes the threat of irreparable harm to Mr. Marini and his family, it is neither the Plaintiff's role nor the role of this

Court to prosecute Defendant John Doe. See Commonwealth v. Clerk of Boston Div. of Juvenile Court Dept., 432 Mass. 693, 699 (2000) ("Our decisions uniformly uphold a prosecutor's wide discretion in deciding whether to prosecute a particular defendant, and that such prosecutorial discretion is exclusive to the executive branch."); U.S. v. Smith, 178 F.3d 22, 26 (1st cir. 1999) ("the exercise of prosecutorial discretion, at the very core of the executive function, has long been held presumptively unreviewable"); U.S. v. Flemmi, 283 F.Supp.2d 400, 410 (D.Mass. 2003) (exclusive right vested in executive to exercise writ of nolle prosequi is based on constitutional separation of powers, under which judicial branch has neither power to command nor terminate a prosecution).

### III. CONCLUSION

WHEREFORE, based upon the foregoing points and authorities, the Defendant Ryan Marini respectfully requests that this Honorable Court grant his Motion for Reconsideration.

DEFENDANT RYAN MARINI

Respectfully submitted,

*/s/ Matthew P. Zayotti*
Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

Dated: August 22, 2006

---

**CERTIFICATE OF SERVICE**
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 22, 2006.

*/s/ Matthew P. Zayotti*

---