UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID COX,

    Plaintiff,

v.

RYAN MARINI, SEAN BORDWELL, and
JOHN DOE,

    Defendants.

Civil Action No. 05-11608-GAO

### PLAINTIFF DAVID COX'S OPPOSITION TO DEFENDANT RYAN MARINI'S MOTION FOR RECONSIDERATION

The Plaintiff, David Cox ("Cox"), hereby opposes the Motion for Reconsideration filed by Defendant Ryan Marini ("Marini") requesting the Court to reverse its ruling on Marini's Motion for Protective Order. The Court correctly decided that Marini should not be permitted to obstruct justice by concealing the identity of John Doe ("Doe"), a key participant in the brutal attack against Cox and that Marini **must** provide the identity of Doe. In his Motion for Reconsideration, Marini has not presented any new evidence or legal argument that would necessitate this Court to reverse itself and reach a different conclusion. Accordingly, Marini's Motion for Reconsideration must be denied.

### ARGUMENT

#### I. RECONSIDERATION IS NOT APPROPRIATE UNDER THE CIRCUMSTANCES

Courts may entertain motions for reconsideration if the motion seeks to correct manifest errors of law or fact by presenting newly discovered evidence or identifying intervening changes in the law. *See Lebron-Rios v. United States Marshal Serv.*, 218 F.Supp.2d 150, 154 (D.P.R. 2002); *see also* Fed. R. Civ. P. 60(b) (permitting motions for reconsideration of an order for, among

others, the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; [or] (3) fraud . . . misrepresentation, or other misconduct of an adverse party . . . ."). Motions for reconsideration are "not to be used as a means to reargue matters already argued and disposed of." *Surcco v. Prasa*, 157 F.Supp.2d 160, 171 (D.P.R. 2001). Similarly, they are not "to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment." *Id. See also Colon v. Fraticelli*, 181 F.Supp.2d 48, 49 (D.P.R. 2002) (denying motion for reconsideration where movant merely rehashed arguments made in opposition to summary judgment).

Marini has not asserted any errors in the facts upon which the Court relied, any errors of law which the Court applied or presented any new evidence in his Motion for Reconsideration. Instead, he has asserted the very **same** arguments that this Court rejected in denying Marini's Motion for Protective Order. The law is clear that Motions for Reconsideration are not a means to reargue matters already disposed of, which is what Marini attempts to do here. *Prasa*, 157 F. Supp.2d 160, 171 (D.P.R. 2001). Accordingly, Marini's motion should be denied.

### II. THE COURT PROPERLY DETERMINED THAT MARINI WAS NOT ENTITLED TO A PROTECTIVE ORDER ALLOWING HIM TO CONCEAL THE IDENTITY OF JOHN DOE, HIS COHORT IN THE BRUTAL ATTACK AGAINST DAVID COX

This Court properly denied Marini's request for a protective order. In Marini's original Motion for Protective Order, he failed to show that there is compelling evidence sufficient to warrant the concealment of a critical party of the case.[1] His motion for reconsideration adds nothing in this regard and should be denied.

---

[1] Marini references *Ramirez Rodriguez v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 425 F.3d 67 (1st Cir. 2005) in his Motion for Reconsideration, which is patently different from the case at bar. There, the person in danger was not a cohort, or person involved in a criminal enterprise but rather an innocent third party. This case, therefore, is distinguishable from the case at bar in many respects.

2

Marini has juxtaposed his interest of protecting his friend and criminal accomplice with Cox's interest of learning the identity of a person who brutally attacked him. On balance, however, Cox's interest in learning Doe's identity outweighs Marini's interest in protecting his friend because Doe is an essential party to this action. In other words, complete justice for Cox is not possible without bringing Doe into the case to answer for his actions. Moreover, Marini is attempting to assist Doe in further criminal activity by tampering with the judicial process, and, by his motion, he is requesting the Court's participation in this criminal enterprise.[2] Accordingly, Marini's motion should be denied.

### III. **MARINI'S MOTION FOR RECONSIDERATION MUST FAIL BECAUSE MARINI IS UTILIZING THE MOTION AS A DILATORY TACTIC**

Additionally, this Court entered its decision on Marini's Motion for Protective Order on July 20, 2006. Marini did not make any efforts to comply with the Court's Order or to seek further review via a Motion for Reconsideration, until plaintiff's counsel wrote a letter on August 15, 2006 requesting that Marini comply with the Court Order by revealing the identity of John Doe. *See* Letter dated August 15, 2006, from Damon P. Hart, Counsel for Plaintiff David Cox, to Richard B. Kirby, counsel for Ryan Marini, attached hereto as Exhibit 1. The delay in filing the motion illustrates that Marini acted in response to Plaintiff's renewed request, and not out of the sincere fear that Marini's life is in danger if John Doe's identity is revealed.

---

[2] *See* Mass. Gen. Laws ch. 265, §13B, which states, in pertinent part:

> Whoever, directly or indirectly, willfully endeavors by . . . misrepresentation, intimidation, force or express or implied threats of force to influence, impede, obstruct, delay or otherwise interfere with any witness or juror in any stage of a trial, grand jury or other criminal proceeding or with any person furnishing information to a criminal investigator relating to a violation of a criminal statute of the commonwealth, and whoever injures any person or damages his property on account of the giving of such information to a criminal investigator or on account of testimony given at a trial, grand jury or other criminal proceeding, shall be punished .

## **CONCLUSION**

Based on the foregoing, Marini's Motion for Reconsideration must be denied and he should be compelled to disclose the name and address of Doe within 24 hours, or be held in contempt.

                                                          Respectfully submitted,

                                                          DAVID COX

                                                          By his attorneys,

                                                          Holland & Knight LLP


                                                          /s/ Damon P. Hart
                                                          Deborah S. Griffin (BBO No. 211460)
                                                          Damon P. Hart (BBO No. 644586)
                                                          10 St. James Avenue
                                                          Boston, MA 02116
                                                          (617) 523-2700

                                                          Barbara J. Dougan (BBO No. 558392)
                                                          LAWYERS' COMMITTEE FOR CIVIL
                                                          RIGHTS UNDER THE LAW
                                                          294 Washington Street, Suite 443
                                                          Boston, MA 02108
Dated:  September 5, 2006                           (617) 482-1145

**CERTIFICATE OF SERVICE**

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 5th of September, 2006.

                /s/ Damon P. Hart
                Damon P. Hart

# 4022461_v1

# EXHIBIT 1

# Holland Knight

Tel 617 523 2700
Fax 617 523 6850

Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116-3889
www.hklaw.com

August 15, 2006

Damon P. Hart
617 305 2036
damon.hart@hklaw.com

*Via Facsimile and First-Class Mail*

Richard B. Kirby
Keegan Werlin LLP
265 Franklin Street
Boston, MA 02110

Re:   David Cox v. Ryan Marini, et al.
      U.S.D.C. C.A. No.: 05-11608 GAO.

Dear Mr. Kirby:

As you are aware, the Court has denied Defendant Marini's Motion for Protective Order. Therefore, Marini must reveal John Doe's identity, as requested by plaintiff. In the weeks since this order, you have failed to comply.

Accordingly, we request that you supplement your initial disclosure statement and your responses to our discovery requests within 7 days.

Sincerely yours,

HOLLAND & KNIGHT LLP

Damon P. Hart

cc:   Barbara Dougan, Esq.

Annapolis • Atlanta • Bethesda • Boston • Bradenton • Chicago • Fort Lauderdale • Jacksonville • Lakeland • Los Angeles
Miami • New York • Northern Virginia • Orlando • Portland • Providence • Rancho Santa Fe • Sacramento • St. Petersburg
San Antonio • San Francisco • Seattle • Tallahassee • Tampa • Washington, D.C. • West Palm Beach
Beijing • Caracas* • Helsinki* • Mexico City • Tel Aviv* • Tokyo • *Representative Office