UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-11608-GAO

| | |
|---|---|
| DAVID COX,<br>    Plaintiff,<br><br>v.<br><br>RYAN MARINI, SEAN BORDWELL, and<br>JOHN DOE,<br>    Defendants. | **MOTION TO COMPEL RYAN MARINI<br>TO REVEAL JOHN DOE'S IDENTITY** |

In accordance with Fed.R.Civ.P. Rules 26 and 37, plaintiff David Cox ("Cox") hereby moves for an order compelling Defendant Ryan Marini ("Defendant") to reveal the identity of John Doe, a named defendant in this matter. As this Court has found on numerous occasions, this information is critical to Cox's case arising out of a brutal beating sustained at the hands of the defendants. As grounds for this motion Cox states that:

1. Defendant submitted his Initial Disclosure Statement on May 26, 2006, wherein he noted that he would reveal the identity of John Doe depending on the disposition of his Motion for Protective Order. (See Exhibit A attached hereto.)

2. The Court denied Defendant's motion on July 20, 2006.

3. In the face of this ruling, Defendant refused to reveal John Doe's identity.

4. In a letter dated August 15, 2006, Cox requested the information regarding John Doe's identity in compliance with the Court's Order. (See Exhibit B attached hereto.)

5. Over a month after the Court's order, and only in response to inquiries by Cox's counsel, Defendant filed a Motion for Reconsideration.

6. The Court denied Defendant's Motion for Reconsideration on November 2, 2006.

7. Cox emailed Defendant reiterating that the Court denied his motion and requested the production of information pertaining to John Doe. (See Exhibit C attached hereto). Defendant did not respond.

8. In a letter dated November 28, 2006, Cox requested compliance with this Court's Orders requiring revelation of John Doe's identity. (See Exhibit D attached hereto). Defendant did not respond to the letter whatsoever and refused to provide the information.

9. In another letter, dated December 19, 2006, Cox made a final request that Defendant comply with the Court's Orders by providing the information relating to John Doe. (See Exhibit E attached hereto). Defendant has not responded to Cox's letters, and most importantly, he has refused to comply with the Court's Order.

For the reasons stated, Cox urges that this Motion to Compel be allowed and that the Defendant be ordered to reveal any and all information regarding John Doe's identify and whereabouts within 24 hours or be held in contempt.

## ATTORNEY'S FEES

Pursuant to Fed.R.Civ.P. 37, Cox also requests the Court to grant a $1000 or an amount it determines to be reasonable fees, including attorney's fees, as a sanction for defendant's deliberate failure to comply with the Court's Orders. *See Creative Solutions Group, Inc. v. Pentzer Corp.*, 199 F.R.D. 443, *444 (D.Mass. 2001) (reasonable costs, including attorney's fees, appropriate due to defendant's failure to comply with order compelling discovery); *see also Taydus v. Cisneros,* 902 F.Supp. 288, *297 (D.Mass. 1995) (court require defendant to pay reasonable expenses, including attorney's fees, caused by defendant's failure to comply with requirements of Rule 26).

Respectfully submitted,
DAVID COX

By his attorneys,
HOLLAND & KNIGHT LLP

/s/ Damon P. Hart
Deborah S. Griffin (BBO No. 211460)
Damon P. Hart (BBO No. 644586)
Geraldine Aine (BBO No. 665578)
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Barbara J. Dougan (BBO No. 558392)
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER THE LAW
294 Washington Street, Suite 443
Boston, MA 02108
(617) 482-1145

Dated: December 22, 2006

## LOCAL RULE 7.1 CERTIFICATION

     I, Damon Hart, hereby certify that my co-counsel and I have contacted Richard B. Kirby, counsel for the Defendant, by telephone, email and letter, in a good faith attempt to resolve or narrow the issue raised in this motion. These efforts were unsuccessful.

                            /s/ Damon P. Hart
                            Damon Hart

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the 22nd of December, 2006.

                            /s/ Damon Hart

# 4257321_v1

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11608-GAO

| |
|---|
| DAVID COX, |
| Plaintiff, |
| v. |
| RYAN MARINI, SEAN BORDWELL, AND JOHN DOE, |
| Defendants. |

### DEFENDANT RYAN MARINI'S
### INITIAL DISCLOSURE STATEMENT

Pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A), the Defendant Ryan Marini hereby makes the following initial disclosures:

**A.    Individuals Likely To Have Discoverable Information**

The Defendant Ryan Marini states that the below-listed individuals are likely to have discoverable information that the Defendant may use to support his defenses:

1. Ryan Marini;

2. Sean Bordwell;

3. David Cox; and

4. John Doe (depending on the disposition of Mr. Marini's motion for protective order excusing Mr. Marini from disclosing John Doe's identity and/or whether John Doe's identity is discovered by some other means).

The foregoing individuals have knowledge regarding the facts surrounding the incident that is the subject of this lawsuit.

The Defendant reserves the right to supplement this disclosure as new or additional documents or information become available.

**B.     Documents**

The Defendant Ryan Marini is unaware of any documents, data compilations, or tangible things in his possession, custody or control that Defendant Marini may use to support his defenses.

The Defendant reserves the right to supplement this disclosure as new or additional documents or information become available.

**C.     Insurance**

The Defendant Ryan Marini is unaware of any applicable insurance coverage.

DEFENDANT RYAN MARINI

By his attorneys

*/s/ Matthew P. Zayotti*

Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

Dated: May 26, 2006

---

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document(s) was served upon the attorney of record for each other party by ~~hand-delivery~~ - US Mail on May 26, 2006.

*/s/ Matthew P. Zayotti*

---

2

# EXHIBIT B

# Holland + Knight

Tel 617 523 2700
Fax 617 523 6850

Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116-3889
www.hklaw.com

August 15, 2006

Damon P. Hart
617 305 2036
damon.hart@hklaw.com

*Via Facsimile and First-Class Mail*

Richard B. Kirby
Keegan Werlin LLP
265 Franklin Street
Boston, MA 02110

Re:   David Cox v. Ryan Marini, et al.
      U.S.D.C. C.A. No.: 05-11608 GAO.

Dear Mr. Kirby:

As you are aware, the Court has denied Defendant Marini's Motion for Protective Order. Therefore, Marini must reveal John Doe's identity, as requested by plaintiff. In the weeks since this order, you have failed to comply.

Accordingly, we request that you supplement your initial disclosure statement and your responses to our discovery requests within 7 days.

Sincerely yours,

HOLLAND & KNIGHT LLP

Damon P. Hart

cc:   Barbara Dougan, Esq.

# EXHIBIT C

**Aine, Geraldine (BOS - X79242)**

| | |
|---|---|
| **From:** | Aine, Geraldine (BOS - X79242) |
| **Sent:** | Thursday, November 02, 2006 5:40 PM |
| **To:** | rkirby@keeganwerlin.com; 'mzayotti@kwplaw.com' |
| **Cc:** | Griffin, Deborah S (BOS - X72044); Hart, Damon P (BOS - X72036) |
| **Subject:** | Activity in Case 1:05-cv-11608-GAO Cox v. Marini et al "Order on Motion for Reconsideration" |

Hello Mr. Kirby and Mr. Zayotti:

Early this afternoon, the Judge in our case denied your Motion for Reconsideration. Please let us know when we can expect John Doe's information.

Thank you in advance for your reply,

Geraldine Aine

---

**From:** ECFnotice@mad.uscourts.gov [mailto:ECFnotice@mad.uscourts.gov]
**Sent:** Thursday, November 02, 2006 12:15 PM
**To:** CourtCopy@mad.uscourts.gov
**Subject:** Activity in Case 1:05-cv-11608-GAO Cox v. Marini et al "Order on Motion for Reconsideration"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Lyness, Paul entered on 11/2/2006 at 12:14 PM EST and filed on 11/2/2006
**Case Name:**         Cox v. Marini et al
**Case Number:**       1:05-cv-11608
**Filer:**
**Document Number:**

**Docket Text:**
Judge George A. O'Toole Jr.: Electronic ORDER entered denying [20] Motion for Reconsideration (Lyness, Paul)

The following document(s) are associated with this transaction:

**1:05-cv-11608 Notice will be electronically mailed to:**

Geraldine Aine    geraldine.aine@hklaw.com, steph.bailey@hklaw.com

12/19/2006

Barbara J. Dougan    bjdougan@lawyerscom.org

Damon P. Hart    dphart@hklaw.com

Richard B. Kirby    rkirby@keeganwerlin.com, mccarthy@keeganwerlin.com; kmurphy@keeganwerlin.com

Brian P. McDonough    bmcdonough@zelmcd.com

Matthew P. Zayotti    mzayotti@kwplaw.com

Anthony R. Zelle    tzelle@zelmcd.com, bnorlien@rc.com

**1:05-cv-11608 Notice will not be electronically mailed to:**

12/19/2006

# EXHIBIT D

# Holland+Knight

Tel 617 523 2700
Fax 617 523 6850

Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
www.hklaw.com

Geraldine Aine
617 619 9242
geraldine.aine@hklaw.com

November 28, 2006

*Via Hand Delivery*

Richard B. Kirby, Esq.
Keegan Werlin LLP
265 Franklin Street
Boston, MA 02110

    Re:    David Cox v. Ryan Marini, Sean Bordwell, and John Doe
            USDC Civil Action No. 1:05cv11608 GAO

Dear Mr. Kirby:

    As you know, the Court has denied your motion for reconsideration on November 2, 2006 regarding the identity of defendant John Doe. I sent you an email requesting that you supplement your discovery response to include the information about John Doe. You did not respond to my email. To date, you have failed to comply with the Court's Orders concerning John Doe's identity.

    We urge you to please provide the information regarding John Doe's identity immediately or we will be forced to seek further assistance from the Court to obtain this critical information.

                                             Sincerely yours,

                                             HOLLAND & KNIGHT LLP

                                             Geraldine Aine

ga/ssb
cc:    Damon Hart, Esq.

Atlanta • Bethesda • Boston • Chicago • Fort Lauderdale • Jacksonville • Lakeland • Los Angeles
Miami • New York • Northern Virginia • Orlando • Portland • San Francisco
Tallahassee • Tampa • Washington, D.C. • West Palm Beach

# EXHIBIT E

# Holland+Knight

Tel  617 523 2700
Fax 617 523 6850

Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116-3889
www.hklaw.com

Geraldine Aine
617 619 9242
geraldine.aine@hklaw.com

December 19, 2006

*Via Facsmile (617) 951-1354*
*and First Class Mail*

Richard B. Kirby, Esq.
Keegan Werlin LLP
265 Franklin Street
Boston, MA 02110

    Re:    David Cox v. Ryan Marini, Sean Bordwell, and John Doe
            USDC Civil Action No. 1:05cv11608 GAO

Dear Mr. Kirby:

    Pursuant to Local Rule 7.1, I am writing to inform you that we intend to file a motion to compel the disclosure of John Doe's identity unless you *immediately* revise your discovery responses to include this information. Despite clear orders of the Court and our numerous requests, you have failed to reveal information pertaining to John Doe.

    On May 26, 2006, you submitted your Initial Disclosure Statement but withheld all information regarding John Doe, representing that you would provide the same "depending on the disposition of [your] motion for protective order excusing [you] from disclosing John Doe's identity . . .," which you filed contemporaneously with your Initial Disclosure Statement. The Court denied your motion on July 20, 2006, ordering you to reveal John Doe's identity. However, you made no effort to comply with the Court's order.

    On August 15, 2006, we contacted you via facsimile and First-Class Mail, requesting that you comply with the Court's order and reveal John Doe's identity. You did not respond to that letter. Instead, and only after we contacted you, you filed a Motion for Reconsideration, over a month following the Court's order.[1] Again, the Court denied your motion in November, 2006.

    We emailed you on November 2, 2006 following the Court's most recent order, and hand delivered a letter on November 28, 2006: Both communications urged you to comply with the

---

[1] Your Motion for Reconsideration was filed on August 22, 2006.

December 19, 2006
Page 2


we have no other option but to move to compel and to request our fees pursuant to Rule 37 based on your willful failure to comply with the Court's orders.

                                Sincerely yours,

                                HOLLAND & KNIGHT LLP

                                Geraldine Aine

ga/ssb
cc:    Damon Hart, Esq.