UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11608-GAO

DAVID COX,

        **Plaintiff,**

v.

RYAN MARINI, SEAN BORDWELL,
AND JOHN DOE,

        **Defendants.**

### DEFENDANT RYAN MARINI'S MEMORANDUM OF LAW IN SUPPORT OF HIS OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RYAN MARINI TO REVEAL JOHN DOE'S IDENTITY

The Defendant Ryan Marini hereby submits this Memorandum of Law in Support of his Opposition to Motion to Compel Ryan Marini to Reveal John Doe's Identity.

### I. BACKGROUND

In this action, the Plaintiff, David Cox, seeks to recover damages arising from injuries he suffered when he was allegedly attacked and beaten by the Defendants Ryan Marini, Sean Bordwell and the individual identified in Plaintiff's Complaint as John Doe. Complaint, at ¶ 1. The Plaintiff asserts claims for conspiracy to deprive the Plaintiff of his Constitutional rights and privileges under 42 U.S.C. §1985(3) (Count I), violation of the Massachusetts Civil Rights Act, Mass. Gen. L. ch. 12, §§ 11H and 11I (Count II), assault and battery (Count III), intentional infliction of emotional distress (Count IV) and false imprisonment (Count V). Id. at ¶¶ 23-42.

Prior to the commencement of this action, Defendant Marini was prosecuted and convicted by a jury of assault and battery, Mass. Gen. L. ch. 265, § 13A, assault and

battery by means of a dangerous weapon, Mass. Gen. L. ch. 265, § 15A, and violation of the constitutional rights of another, Mass. Gen. L. ch. 265, § 37. Com. v. Marini, 2005 WL 1074388, *1 (Mass.App.Ct. 2005). Although the Plaintiff claims that Defendant John Doe participated with Defendant Marini in the alleged attack on Plaintiff, Defendant John Doe was never identified or prosecuted for his involvement in the alleged attack. The Plaintiff now moves to compel Defendant Marini to reveal the identity of John Doe. As more fully stated below, the Plaintiff's Motion to Compel Defendant Ryan Marini to Reveal the Identity of John Doe must be denied because Defendant Marini cannot be compelled to incriminate himself by revealing the identity of the individual that participated with Defendant Marini in the alleged attack on Plaintiff and allegedly conspired with Defendant Marini to deprive the Plaintiff of his constitutional rights. Complaint, at ¶¶ 23-26.

## II. ARGUMENT

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT RYAN MARINI TO REVEAL THE IDENTITY OF JOHN DOE MUST BE DENIED BECAUSE COMPELLED DISCLOSURE WOULD VIOLATE DEFENDANT RYAN MARINI'S FIFTH AMENDMENT PRIVILEGE AGAINST SELF-INCRIMINATION**

The Plaintiff's Motion to Compel Defendant Ryan Marini to Reveal the Identity of Defendant John Doe must be denied because compelled disclosure would violate Defendant Ryan Marini's Fifth Amendment privilege against self-incrimination.

"The Fifth Amendment declares in part that 'No person . . . shall be compelled in any Criminal Case to be a witness against himself.'" Hoffman v. U. S., 341 U.S. 479, 485-486, 71 S.Ct. 814, 818 (1951). "This guarantee against testimonial compulsion, like other provisions of the Bill of Rights, 'was added to the original Constitution in the

conviction that too high a price may be paid even for the unhampered enforcement of the criminal law and that, in its attainment, other social objects of a free society should not be sacrificed.'" Hoffman, 341 U.S. at 486, 71 S.Ct. at 818, citing, Feldman v. United States, 1944, 322 U.S. 487, 489, 64 S.Ct. 1082, 1083, 88 L.Ed. 1408 (1944). "This provision of the Amendment must be accorded liberal construction in favor of the right it was intended to secure." Hoffman, 341 U.S. at 486, 71 S.Ct. at 818, citing, Counselman v. Hitchcock, 142 U.S. 547, 562, 12 S.Ct. 195, 197, 35 L.Ed. 1110 (1892); Arndstein v. McCarthy, 254 U.S. 71, 72-73, 41 S.Ct. 26, 65 L.Ed. 138 (1920). "The privilege afforded not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." Hoffman, 341 U.S. at 486, 71 S.Ct. at 818, citing, Blau v. United States, 340 U.S. 159, 71 S.Ct. 223 (1950). "To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." Hoffman, 341 U.S. at 486-487, 71 S.Ct. at 818.

Applying these principals under circumstances similar to the present case, the United States Supreme Court in Hoffman reversed the defendant's conviction of criminal contempt, holding that the defendant properly invoked his privilege against self-incrimination in refusing to answer questions as to whether he had seen, talked to or knew the whereabouts of a certain person upon whom a subpoena had been issued but not served requiring such fugitive person to appear before the grand jury because the answers "could have forged links in a chain of facts imperiling defendant with conviction of a

3

federal crime." 341 U.S. at 488, 71 S.Ct. 819. See also, Bender v. C.I.R., 1985 WL 14999, *1 (Tax Court 1985) (court would not disregard petitioner's assertion of Fifth Amendment privilege against self-incrimination in refusing to identify other participants who allegedly received balance of proceeds of sale of hashish); Roberts v. U. S., 445 U.S. 552, 100 S.Ct. 1358 (1980) (plaintiff's argument that district court improperly considered refusal to cooperate with government investigation into related criminal conspiracy to distribute heroin in which petitioner was participant by identifying his suppliers would have "merited serious consideration if they had been presented properly to the sentencing judge").

Similarly, there can be no doubt that the disclosure of the identity of an individual with whom Defendant Marini is alleged to have participated in an attack on Plaintiff, and with whom Defendant Marini is alleged to have conspired to deprive the Plaintiff of his constitutional rights, would incriminate Defendant Marini, and forge "links in a chain of facts" that might very well expose Defendant Marini to prosecution on additional charges. 341 U.S. at 488, 71 S.Ct. 819.

Moreover, that Defendant Marini was convicted in state court of assault and battery, Mass. Gen. L. ch. 265, § 13A, assault and battery by means of a dangerous weapon, Mass. Gen. L. ch. 265, § 15A, and violation of the constitutional rights of another, Mass. Gen. L. ch. 265, § 37, does not bar the subsequent prosecution of Defendant Marini on criminal conspiracy or other federal and/or state charges in state and/or federal court. United States v. Guest, 383 U.S. 745, 86 S.Ct. 1170, 16 L.Ed.2d 239 (1966); Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), rehearing denied, 398 U.S. 914, 90 S.Ct. 1684, 26 L.Ed.2d 79 (1970), appeal after

remand, 270 So.2d 26 (Fla.App.1972), certiorari denied, 414 U.S. 945, 94 S.Ct. 256, 38 L.Ed.2d 168 (1973); United States v. Wheeler, 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978) (Indian tribal court is independent sovereign; hence, a subsequent trial in federal court is not double jeopardy); Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), rehearing denied, 360 U.S. 907, 79 S.Ct. 1283, 3 L.Ed.2d 1258 (1959); Commonwealth v. Lovell, 6 Mass.App.Ct. 172, 175-177 (1978).

Accordingly, Plaintiff's Motion to Compel Defendant Ryan Marini to Reveal the Identity of John Doe must be denied because the compelled disclosure of John Doe's identity would violate Defendant Ryan Marini's privilege under the Fifth Amendment against self-incrimination.

### III. CONCLUSION

WHEREFORE, based upon the foregoing points and authorities the Defendant Ryan Marini respectfully requests that this Honorable Court deny the Plaintiff's Motion to Compel Defendant Ryan Marini to Reveal the Identity of John Doe.

DEFENDANT RYAN MARINI
Respectfully submitted,

_____
Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

Dated: January 17, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on _January 17, 2007_.

_/s/ Matthew P. Zayotti_