UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11608-GAO

DAVID COX,
Plaintiff

v.

RYAN MARINI, SEAN BORDWELL, and JOHN DOE,
Defendants

ORDER
August 17, 2007

O'TOOLE, D.J.

Before the Court, for the third time, is the question of whether defendant Ryan Marini must disclose the identity of his co-defendant, John Doe. The case arises from an August 17, 2002 altercation between the parties in which the plaintiff alleges that he was assaulted by the three defendants. Subsequently, the Commonwealth of Massachusetts prosecuted and convicted Marini for assault and battery, assault and battery by means of a dangerous weapon, and violation of the constitutional rights of another. Cox now brings this five-count civil action seeking to recover monetary damages from all three individuals.

Much of this action thus far has focused on discovering the identity of John Doe. Initially, defendant Marini moved for a protective order so that he would not be required to disclose John Doe's name or address.[1] Marini contended that John Doe had threatened to kill Marini and his family if he ever disclosed John Doe's identity. The motion for a protective order was denied. Marini then

---

[1] Based on the discovery completed thus far, it appears that the defendant Sean Bordwell only knows John Doe as a friend of Marini with the initials "A.K." Therefore, the plaintiffs assert that the only source of complete information regarding John Doe's identity is Marini.

filed a motion for reconsideration, based on the same grounds, which the Court once again denied. Over a month later, having not received any disclosure by the defendant, the plaintiff then filed the instant motion to compel. In his opposition to the motion to compel the defendant asserts, for the first time, his Fifth Amendment privilege against self-incrimination. Citing Hoffman v. United States, 341 U.S. 479, 488 (1951), Marini alleges that disclosure of John Doe's identity is self-incriminatory because it would forge "links in a chain of facts" that might expose Marini to further prosecution on criminal conspiracy charges in either federal or state courts. (Def. Ryan Marini's Mem. of Law in Supp. of His Opp'n to Pl.'s Mot. to Compel Ryan Marini to Reveal John Doe's Identity 4.)

The United States Supreme Court has recognized that one's Fifth Amendment privilege extends not only to "answers that would in themselves support a conviction under a federal criminal statute but likewise embrace those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." Hoffman, 341 U.S. at 486; see also United States v. Johnson, 488 F.2d 1206, 1209 (1st Cir. 1973) ("The Fifth Amendment privilege protects federal witnesses against incrimination under state as well as federal law."). However, simply because a party claims the privilege does not mean it must necessarily be recognized. Rather, "[i]t is for the court to say whether his silence is justified, and to require [the claimant] to answer if 'it clearly appears to the court that he is mistaken.'" Hoffman, 341 U.S. at 486. "If it 'clearly' appears to the court that the witness is 'mistaken' or is advancing his or her claim as a subterfuge, the court should compel the witness to answer." In re Brogna, 589 F.2d 24, 27 (1st Cir. 1978). Furthermore, once the claimant has revealed an incriminating fact, "'the privilege cannot be invoked to avoid disclosure of the details.'" United States v. Gary, 74 F.3d 304, 312 (1st Cir. 1996) (quoting Rogers v. United States, 340 U.S. 367, 373 (1951)).

As an initial matter, the only real risk of incrimination defendant Marini has suggested by disclosing John Doe's identity is limited to the events of August 17, 2002.[2]  Because Marini has already been tried and prosecuted for the substantive crimes by the Commonwealth of Massachusetts, the only potential for further prosecution raised by the defendant seems to be a conspiracy charge.  Commonwealth v. Benson, 451 N.E.2d 118, 122 (Mass. 1983).  In that context, Marini is mistaken in asserting that his identification of John Doe will be incriminatory.

In Massachusetts, the crime of conspiracy is "'a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose… .[T]he unlawful agreement constitutes the gist of the offence, and therefore. . . it is not necessary to charge the execution of the unlawful agreement.'"  Benson, 451 N.E.2d at 122 (quoting Commonwealth v. Dyer, 138 N.E. 296 (1922)) (alterations in original).  It has also been long recognized in Massachusetts that an individual may be prosecuted for conspiracy without his co-conspirator.  See Commonwealth v. Mackenzie, 98 N.E. 598, 598 (Mass. 1912) ("In the absence of the alleged co-conspirator,…whose whereabouts was unknown to the prosecution, the trial proceeded against the defendant alone.").

It is already known from the police report that there were two suspects, Ryan Marini and an unknown male (John Doe), who attacked the plaintiff.  The police report detailed that both Ryan Marini and John Doe "punched and kicked [the plaintiff] in the head" and that both attackers used racial slurs during the assault.  Moreover, in this action, Marini has already attested to the fact that

---

[2] The Court notes that in his supplemental memorandum, defendant Marini states that he might be exposed "to prosecution on additional charges arising out of the incident that is the subject of this action, *and possibly others*" if he discloses John Doe's identity. (Supp. Mem. 7) (emphasis added).  Without anything more, however, it is not possible to take this assertion into consideration in resolving the question.  It is a quintessential example of a claimant attempting to establish the hazard of incrimination based on his "say-so," a tactic rejected by the Supreme Court.  Hoffman, 341 U.S. at 486.

"the individual identified in this case as John Doe, and I, were involved in a fight with the Plaintiff David Cox." (Aff. Ryan Marini in Supp. of Mot. for Protective Order ¶ 1.) In other words, he has already admitted that he and another joined in a fight with the plaintiff. Whether the other participant is called "John Doe," or "A.K.," or any other name is not itself inculpatory in any further degree, but is merely part of the "details" of the event. See Gary, 74 F.3d at 312. Disclosing John Doe's full name does not "furnish a link in the chain of evidence needed to prosecute" Marini for conspiracy.

The plaintiff's motion to compel (dkt. no. 25) is GRANTED. The defendant is ordered to provide the name of John Doe to the plaintiff forthwith.

The plaintiff's request for attorney's fees is DENIED.

It is SO ORDERED.


    August 17, 2007                             /s/ George A. O'Toole, Jr.
DATE                                             DISTRICT JUDGE