UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-11608-GAO

| | |
|---|---|
| DAVID COX,<br><br>            Plaintiff,<br><br>v.<br><br>RYAN MARINI, SEAN BORDWELL, and JOHN DOE,<br><br>            Defendants. | **PLAINTIFF DAVID COX'S MOTION TO AMEND COMPLAINT** |

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff, David Cox ("Cox"), moves for leave to amend his Complaint in this action. A copy of Cox's proposed Amended Complaint is attached hereto as Exhibit A. As set forth below, the Amended Complaint identifies the defendant currently referred to as "John Doe" and will cause no prejudice to defendants.

As further grounds for this motion, Cox states as follows:

1.     This is an action seeking damages for the brutal beating Plaintiff Cox sustained at the hands of the defendants.

2.     One of the defendants in the case is currently named John Doe.

3.     On May 26, 2006, Defendant Ryan Marini submitted a Motion for Protective Order requesting the Court to excuse him from disclosing John Doe's identity.

4.     On July 20, 2006, the Court denied the motion, ordering Defendant Marini to reveal John Doe's identity.

5.     On August 22, 2006, Defendant Marini filed a Motion for Reconsideration, which the Court denied on November 2, 2006.

6.     On December 22, 2006, plaintiff filed a Motion to Compel Defendant Marini to reveal John Doe's identity.

7.     In response, on January 17, 2007, Defendant Marini filed a Memorandum in Opposition to the Motion to Compel and a Supplemental Memorandum in Opposition on February 23, 2007.  Plaintiff filed a Memorandum in Reply on March 9, 2007.

8.     On August 17, 2007, the Court granted Plaintiff's Motion to Compel.

9.     On August 24, 2007, Defendant Marini revealed the identity of "John Doe" as Mr. Andrew Kiriakos.

10.    Under Rule 15(a), leave to amend a complaint "shall be freely given when justice so requires."  As this Court has observed, "This phrase is usually interpreted as an affirmation of the liberal approach to pleading taken by the modern rules, and as an encouragement to district judges to decide a plaintiff's claims on the merits whenever possible. *McMillian v. Mass. Soc. for Prevention of Cruelty,* 168 F.R.D. 94, 97 (D. Mass. 1995) (Stearns, J.), *aff'd in pertinent part*, 140 F.3d 288 (1st Cir. 1998).  Leave to amend is particularly appropriate when, as here, the proposed amendment provides additional details and adds no new legal theories.  *See id.* at 97-98; *see also United States v. United States Trust Co.,* 106 F.R.D. 474, 476-77 (D. Mass. 1985).

11.    There is no prejudice to defendants from this amendment.

For these reasons, Cox asks that this Court:

A.     Grant Cox leave to file his Amended Complaint, attached as Exhibit A hereto; and

B.     Grant such other relief as is just and appropriate.

                          PLAINTIFF, DAVID COX
                          By his attorneys,

                          HOLLAND & KNIGHT LLP

                          By: /s/ Geraldine Aine
                              Deborah S. Griffin (BBO No. 211460)
                              Damon P. Hart (BBO No. 644586)
                              Geraldine Aine (BBO No. 665578)
                              10 St. James Avenue
                              Boston, MA 02116
                              (617) 523-2700
                              geraldine.aine@hklaw.com

Dated: October 15, 2007

## LOCAL RULE 7.1 CERTIFICATION

I, Geraldine Aine, hereby certify that I contacted Matthew P. Zayotti and Raymond Sayeg, counsel for the Defendant Ryan Marini and counsel for Defendant Sean Bordwell, respectively, by telephone, in a good faith attempt to resolve or narrow the issue raised in this motion. Matthew Zayotti and Raymond Sayeg do not oppose this motion.

                          /s/ Geraldine Aine

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 15th of October, 2007.

                          /s/ Geraldine Aine

# 4791150_v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11608-GAO

DAVID COX,

       Plaintiff

v.

RYAN MARINI, SEAN BORDWELL, AND
ANDREW KIRIAKOS,

       Defendants.

**AMENDED COMPLAINT**

## INTRODUCTION

1. This is an action by the Plaintiff, David Cox, seeking to recover damages arising for the physical and mental injuries he received when he was brutally attacked and beaten by the Defendants Ryan Marini, Sean Bordwell, and Andrew Kiriakos, in a racially motivated attack.

## PARTIES

2. The Plaintiff, David Cox ("Cox"), is a male of Asian decent, who resides in New Haven, Connecticut.

3. Defendant Ryan Marini ("Marini") is an adult white male. Upon information and belief, Marini currently resides at 4 Deer Path, Maynard, Massachusetts.

4. Defendant Sean Bordwell ("Bordwell") is an adult white male. Upon information and belief, Bordwell's last known address is 13405 Chrystal Rock Court, Chantilly, Virginia 20151.

5. Defendant Andrew Kiriakos ("Kiriakos") is an adult white male. Upon information and belief, Kiriakos' last known address is 199 Rosemary Street, Apt. 2, Needham Heights, Massachusetts.

- 2 -

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332, 1331, 1391(b) and 1367(a).

7.      Each of the defendants, Ryan Marini, Sean Bordwell and Andrew Kiriakos, are subject to personal jurisdiction in this judicial district.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b).

9.      This Court has diversity of citizenship jurisdiction over this entire action pursuant to 28 U.S.C. § 1332, because this is an action for damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees, and there is complete diversity of citizenship.

## GENERAL ALLEGATIONS

10.     In the early morning hours of August 17, 2002, Mr. Cox encountered the Defendants as he walked to a nearby convenience store in Brighton. As Mr. Cox was about two blocks from the store, he walked by the Defendants. Defendant Marini turned to Mr. Cox and shouted "You faggot, I'm going to kick your ass, motherf**ker."

11.     Mr. Cox continued to the store and made his purchases. As he left the store, the Defendants confronted him.

12.     Defendant Marini stated to Mr. Cox, "what the f**k are you doing on my street… this is my hood." Mr. Cox tried to continue on his way, but Defendant Marini then purported that Mr. Cox owed him a $10 "tax" for walking on "his street."

13.     Defendant Bordwell jabbed Mr. Cox in the chest demanding the $10 tribute payment and threatening "Do you want to get your ass beat over this?"

14.     Defendant Kiriakos threatened to "kill" Mr. Cox. He further taunted Mr. Cox to "take a swing" so that the Defendants could "kill him." Mr. Cox refused the Defendants'

- 3 -

attempts to provoke him into a physical altercation. Defendant Kiriakos said "yeah motherf\*\*ker, we are going to kill you, you slant-eyed motherf\*\*ker," or words to that effect.

15. As Mr. Cox attempted to flee, Defendant Kiriakos punched him in the eye. Defendant Bordwell then held Mr. Cox while Defendant Kiriakos and Defendant Marini punched him in the head and chest.

16. After a number of blows to the head, Mr. Cox fell to the ground. The Defendants proceeded to kick Mr. Cox while he lay on the ground.

17. When Mr. Cox was able to struggle to his feet, the three Defendants rammed his head into a parked car. Defendant Kiriakos then rammed Mr. Cox's head into another parked car. Mr. Cox then collapsed to the curb and faded in and out of consciousness.

18. As Mr. Cox laid on the curb, bleeding and losing consciousness, the three Defendants continued their savage attack by kicking him and bombarding him with racist epithets and other vulgarities.

19. At this point Mr. Cox spotted a Metropolitan Police car and stumbled toward it. He was able to summon the assistance of the officer inside. Only after the Metropolitan Police Officer responded and contacted the Boston Police, did the Defendants stop their savage attack.

20. Mr. Cox went to a nearby hospital for treatment for his injuries, which included a fractured rib, black eye, and numerous cuts and contusions.

21. Mr. Cox suffered and continues to suffer severe mental and emotional distress, fright, shock and anxiety as a result of the Defendants' attack. He believes that the Defendants were trying to kill him through this vicious and unprovoked attack.

22. As a result of the Defendants' actions, Mr. Cox has suffered substantial physical and emotional harm in an amount to be determined at trial far exceeding $25,000.

**Count I**
**Conspiracy to Deprive the Plaintiff of his Constitutional**
**Rights and Privileges Under 42 U.S.C. § 1985(3)**

23.   Mr. Cox realleges and incorporates herein by reference the allegations set forth in paragraphs 1-22 above.

24.   The defendants conspired to deprive the plaintiff, Mr. Cox, of his liberty by agreeing to hold him against his will and restricting his liberty and right to travel freely within the State as well as his right to travel between the states, and taking actions to further that agreement.

25.   The defendants each directly deprived the plaintiff, Mr. Cox, of his liberty by holding him against his will through the use of force.

26.   The defendants are liable for violating 42 U.S.C. § 1985(3) by conspiring to deprive the plaintiff, Mr. Cox, of equal privileges and immunities under the law.

**Count II**
**Violation of the Massachusetts Civil Rights Act**

27.   Mr. Cox realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 26.

28.   By their acts and conduct stated herein, the Defendants intentionally interfered with Mr. Cox's exercise and enjoyment of the fundamental rights secured to him and all other citizens under the Constitution and laws of the United States and of the Commonwealth of Massachusetts, including the right to use public streets and sidewalks and the right to security of the person, in violation of the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, §§ 11I, et seq.

29.   As a result of the Defendants' actions, Mr. Cox has suffered substantial physical and emotional harm in an amount to be determined at trial far exceeding $25,000.

- 5 -

## Count III
## Assault and Battery

30. Mr. Cox realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 29.

31. As set forth herein, the Defendants assaulted and battered Mr. Cox by repeatedly striking him in the face and body and by repeatedly kicking Mr. Cox.

32. As a result of the Defendants' acts and conduct herein, Mr. Cox was injured and has suffered great pain and anguish of the body and mind, and has been damaged in an amount to be determined at trial far exceeding $25,000.

## Count IV
## Intentional Infliction of Emotional Distress

33. Mr. Cox realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 32.

34. The Defendants acted knowingly and intentionally with reason to know that their acts and conduct as set forth herein would cause emotional distress to Mr. Cox.

35. The Defendants' actions were extreme and outrageous, and beyond all bounds of decency and utterly intolerable in a civilized community, specifically, the Defendants' acts of hitting, kicking and verbally abusing Mr. Cox on account of his race.

36. The Defendants' conduct caused severe mental and emotional distress, fright, shock and anxiety to Mr. Cox, and as a consequence, he has suffered injury and damage of the nature that no reasonable person could be expected to endure.

37. Alternatively, the Defendants' conduct was negligent and caused Mr. Cox emotional distress which was reasonably foreseeable as a direct consequence of their actions. As a result, Mr. Cox suffered physical harm, which caused or was caused by his emotional distress.

38. As a result of the Defendants' actions and conduct as stated herein, Mr. Cox has suffered substantial damage in an amount to be determined at trial far exceeding $25,000.

### Count V
### False Imprisonment

39. Mr. Cox realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 38.

40. During the course of the brutal beating described herein, the Defendants physically prevented Mr. Cox from leaving and physically restrained his liberty with threats and acts of violence.

41. Even as Mr. Cox attempted to flee, the Defendants pursued him and prevented him from leaving the scene as they perpetrated their vicious attack.

42. As a result of the Defendants' actions and conduct as stated herein, Mr. Cox has suffered substantial damage in an amount to be determined at trial far exceeding $25,000.

WHEREFORE, the plaintiff, David Cox, requests that this Court enter judgment in his favor against the Defendants, jointly and severally, as follows:

1. Award Mr. Cox his damages, including, but not limited to, punitive damages, costs and attorney fees incurred in bringing this action; and

2. Award such other relief as the Court deems just and proper.

- 7 -

## JURY DEMAND

Plaintiff requests a trial by jury on all claims so triable.

Respectfully submitted,

DAVID COX

By his attorneys,

Holland & Knight LLP


/s/ Geraldine Aine
Deborah S. Griffin (BBO No. 211460)
Damon P. Hart (BBO No. 644586)
Geraldine Aine (BBO No. 665578)
10 St. James Avenue
Boston, MA 02116
(617) 523-2700
geraldine.aine@hklaw.com

Dated: October 15, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 15th of October, 2007.

/s/ Geraldine Aine
Geraldine Aine

# 4773899_v1