UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-11608-GAO

|  |  |
|---|---|
| DAVID COX | ) |
|     **Plaintiff,** | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| RYAN MARINI, SEAN BORDWELL, | ) |
| AND ANDREW KIRIAKOS | ) |
|     **Defendants,** | ) |
|  | ) |

### SEAN BORDWELL'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT, COUNTERCLAIM, CROSS CLAIM AND JURY DEMAND

Defendant, Sean Bordwell ("Bordwell"), denying each and every allegation that is not specifically admitted herein, responds as follows to the enumerated paragraphs in the Amended Complaint filed by David Cox ("Plaintiff").

### Introduction

1. To the extent that Paragraph 1 summarizes the Complaint, it does not set forth specific allegations of fact to which Bordwell is obligated to respond. To the extent that Paragraph 1 may be deemed to set forth factual allegations to which Bordwell is obligated to respond, Bordwell denies same.

### Parties

2. Bordwell is without sufficient knowledge to admit or deny the allegations contained in Paragraph 2 of the Complaint and, therefore, denies same.

3. Bordwell is without sufficient knowledge to admit or deny the allegations contained in Paragraph 3 of the Complaint and, therefore, denies same.

4. Bordwell admits that he is a resident of Virginia; Bordwell denies all other factual allegations of Paragraph 4.

5. Bordwell is without sufficient knowledge to admit or deny the allegations contained in Paragraph 5 of the Complaint and, therefore, denies same.

Jurisdiction and Venue

6. Paragraph 6 sets forth a conclusion of law for which no response is required.

7. Paragraph 7 sets forth conclusions of law to which no response is required.

8. Paragraph 8 sets forth a conclusion of law to which no response is required.

9. Paragraph 9 sets forth conclusions of law to which no response is required.

General Allegations

10. Bordwell admits only that Plaintiff walked by him; Bordwell is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 10 of the Complaint and, therefore, denies same.

11. Bordwell denies that he confronted Plaintiff; Bordwell is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 11 of the Complaint and, therefore, denies same.

12. Bordwell is without sufficient knowledge to admit or deny the allegations contained in Paragraph 12 of the Complaint and, therefore, denies same.

13. Bordwell denies the allegations contained in Paragraph 13 of the Complaint.

14. Bordwell is without sufficient knowledge to admit or deny the allegations contained in Paragraph 14 of the Complaint and, therefore, denies same.

15. Bordwell denies that he held Plaintiff; Bordwell is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 15 of the Complaint and, therefore, denies same.

16. Bordwell denies that he kicked Plaintiff; Bordwell is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 16 of the Complaint and, therefore, denies same.

17. Bordwell denies that he rammed Plaintiff's head into a parked car; Bordwell is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 17 of the Complaint and, therefore, denies same.

18. Bordwell denies that he kicked Plaintiff; Bordwell further denies that he uttered racial epithets or other vulgarities at Plaintiff; Bordwell is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 18 of the Complaint and, therefore, denies same.

19. Bordwell denies that he attacked Plaintiff; Bordwell is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 19 of the Complaint and, therefore, denies same.

20. Bordwell is without sufficient knowledge to admit or deny the allegations contained in Paragraph 20 of the Complaint and, therefore, denies same.

21. Bordwell is without sufficient knowledge to admit or deny the allegations contained in Paragraph 21 of the Complaint and, therefore, denies same.

22. Bordwell is without sufficient knowledge to admit or deny the allegations contained in Paragraph 22 of the Complaint and, therefore, denies same.

## Count I
### Conspiracy to Deprive the Plaintiff of His Constitutional Rights and Privileges Under 42 U.S.C. § 1985(3)

23. Bordwell repeats and incorporates by reference the responses set forth in the preceding Paragraphs 1-22.

24. Bordwell denies the allegations contained in Paragraph 24 of the Complaint.

25. Bordwell denies the allegations contained in Paragraph 25 of the Complaint.

26. Bordwell denies the allegations contained in Paragraph 26 of the Complaint.

## Count II
### Violation of Massachusetts Civil Rights Act

27. Bordwell repeats and incorporates by reference the responses set forth in the preceding Paragraphs 1-26.

28. Bordwell denies the allegations contained in Paragraph 28 of the Complaint.

29. Bordwell denies the allegations contained in Paragraph 29 of the Complaint.

## Count III
### Assault and Battery

30. Bordwell repeats and incorporates by reference the responses set forth in the preceding Paragraphs 1-29.

31. Bordwell denies the allegations contained in Paragraph 31 of the Complaint.

32. Bordwell denies the allegations contained in Paragraph 32 of the Complaint.

## Count IV
### Intentional Infliction of Emotional Distress

33. Bordwell repeats and incorporates by reference the responses set forth in the preceding Paragraphs 1-32.

34. Bordwell denies the allegations contained in Paragraph 34 of the Complaint.

35. Bordwell denies the allegations contained in Paragraph 35 of the Complaint.

36. Bordwell denies the allegations contained in Paragraph 36 of the Complaint.

37. Bordwell denies the allegations contained in Paragraph 37 of the Complaint.

38. Bordwell denies the allegations contained in Paragraph 38 of the Complaint.

## Count V
## False Imprisonment

39. Bordwell repeats and incorporates by reference the responses set forth in the preceding Paragraphs 1-38.

40. Bordwell denies the allegations contained in Paragraph 40 of the Complaint.

41. Bordwell denies the allegations contained in Paragraph 41 of the Complaint.

42. Bordwell denies the allegations contained in Paragraph 42 of the Complaint.

## Affirmative Defenses

### First Affirmative Defense

Plaintiff's allegations fail to state claims upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are, or may be, barred, in whole or part, by the doctrine of unclean hands.

### Third Affirmative Defense

Plaintiff's claims are, or may be, barred, in whole or part, by applicable statutory limitations to suit.

### Fourth Affirmative Defense

Plaintiff's claims must fail for lack of jurisdiction over the person.

### Fifth Affirmative Defense

Plaintiff's claims must fail for insufficiency of process and/or insufficiency of service of process.

### Sixth Affirmative Defense

The Defendant states that if the Plaintiff sustained damages as alleged, the same was caused by a person or persons for whose conduct they were not legally responsible and for this reason; Bordwell is not liable to the Plaintiff.

### Seventh Affirmative Defense

The Defendant states that the injuries or damage alleged were caused in whole or in part by the Plaintiff's own conduct and/or negligence.

### Eighth Affirmative Defense

The Defendant states that the Plaintiff, by its conduct and actions and/or the conduct and actions of its agents or servants is estopped from recovering any judgment against Defendant Bordwell.

### Ninth Affirmative Defense

The Defendant states that the Plaintiff by its conduct and actions and/or the conduct and actions of its agents or servants has waived any and all rights it may have to recover in this action.

### Tenth Affirmative Defense

The Defendant states that at the time and place alleged in the Plaintiff's Complaint, the Plaintiff so carelessly and negligently conducted itself so that by its own negligence, contributed directly and approximately to its own alleged injuries and damages.

### Eleventh Affirmative Defense

Plaintiff's claims are wholly insubstantial, frivolous and not advanced in good faith and warrant the imposition of reasonable counsel fees, costs and expenses pursuant to M.G.L. c. 231 section6F.

### Twelfth Affirmative Defense

The Defendant hereby puts Plaintiff on notice that he intends to rely upon such further defenses as are developed during the course of discovery and reserve the right to amend this answer accordingly.

## COUNTERCLAIM AGAINST DAVID COX

1.  The Defendant, Plaintiff in Counterclaim, Sean Bordwell (Bordwell), repeats and incorporates herein by reference each, and every paragraph of Plaintiff's Amended Complaint and Bordwell's Answer to Amended Complaint.

2.  Immediately after the August 17, 2002 incident between David Cox (Cox) and his assailants, Cox told an MBTA police officer and a Boston Police officer that he was attacked by two males. At the scene, Cox identified Marini as one of the assailants.

3.  At the time Cox made the identification and statements to the police officers, Bordwell was standing near Cox and Cox told the police officers that Bordwell was not one of the males who assaulted him. Cox further told the police officers that Bordwell had assisted him by attempting to break up the fight.

4.  As a result of Cox's identification of Marini as one of the two individuals who assaulted him, Marini was immediately arrested and charged with Assault and Battery by Means of a Dangerous Weapon; to Wit a shod foot. Marini was subsequently prosecuted for the assault based upon the identification and testimony of Cox.

5.  Upon information and belief, at no time did Cox identifiy Bordwell as one of the assailants to law enforcement authorities, nor instituted criminal charges against Bordwell for the August 17, 2002 incident.

6.  Cox instituted a civil action on or about August 2, 2005 and alleged that Bordwell, along with Marini and another individual, conspired to deprive him of his constitutional rights in violation of 42 U.S.C. sect. 1985(3), violated the Massachusetts Civil Rights Act, committed assault and battery and committed intentional infliction of

emotional distress in direct to the information he provided to the police officers at the time of the incident on or about August 17, 2002.

    7.    Cox is aware that on or about May 26, 2006 Marini filed a sworn affidavit in the same civil action stating that "Sean Bordwell did not participate in the fight but rather attempted to break it up," and was aware that Marini's sworn affidavit was consistent with Cox's statements to the police officers on or about August 17, 2002.

<u>**COUNT I –MALCIOUS PROSECUTION**</u>

8. Bordwell repeats and reasserts the allegations contained in Paragraphs 1-7 of the Counterclaim and incorporates them by reference as if fully and completely set forth herein.

9. Cox instituted the civil lawsuit based upon information he knew, or should have known to be false and in doing so led directly to the improper naming of Bordwell as a defendant in the matter of *David Cox. v. Ryan Marini, et al.*, United States District Court Docket No. 05-11608 GAO.

10. Cox did so with malice and without reasonable or probable cause motivated in part by a desire to harass, intimidate and threaten Bordwell, to force the identification of the unknown assailant, identified at that time only as John Doe, and to otherwise wrongfully benefit his own pecuniary interest.

11. Cox improperly instituted civil proceedings against Bordwell by summoning Bordwell without reasonable or probable cause.

12. As a result of his acts and omissions in causing the institution and continuation of proceedings against Bordwell, Cox proximately caused him great damage.

WHEREFORE, Bordwell demands judgment against Cox for all damages incurred for malicious prosecution, including attorney's fees, interest and costs.

## COUNT II – ABUSE OF PROCESS

13. Bordwell repeats and reasserts the allegations contained in Paragraphs 1-12 of the Counterclaim and incorporates them by reference as if fully and completely set forth herein.

14. The civil lawsuit was instituted against Bordwell by Cox with an ulterior motive.

15. Cox instituted the civil lawsuit against Bordwell for the ulterior purpose of harassing, intimidating and threatening Bordwell, to force the identification of the unknown assailant, identified only as John Doe, and to otherwise wrongfully benefit his own pecuniary interest.

16. As a result of Cox's actions, Bordwell suffered in business and in personal and professional reputation, suffered emotional distress and was otherwise damaged.

WHEREFORE, Bordwell demands judgment against Cox for all damages incurred for abuse of process, including attorney's fees, interest and costs.

## CROSS CLAIM AGAINST DEFENDANTS MARINI AND KIRIAKOS

### COUNT I – INDEMINIFICATION

1. The Defendant, Plaintiff in Cross Claim, Sean Bordwell (Bordwell), repeats and incorporates herein by reference each, and every paragraph of Plaintiff's

Amended Complaint and each every paragraph of Defendant Ryan Marini's (Marini) Answer to Plaintiff's Complaint.

2. The Plaintiff, David Cox (Cox) claims to have sustained damage as a result of the acts of the Defendants. Bordwell completely denies any and all allegations that he caused damage to Plaintiff.

3. If Cox sustained damages alleged, the sole proximate cause of same was as a result of the actions and conduct of Defendants Marini and Andrew Kiriakos (Kiriakos).

4. If Cox recovers any sum of money on its claims against Bordwell, then Bordwell is entitled to full and complete indemnity against Marini and Kiriakos.

WHEREFORE, Bordwell demands judgment against Marini and Kiriakos for all sums recovered by Cox against Bordwell, including attorney's fees, interest and costs.

## COUNT IV – CONTRIBUTION

5. Bordwell repeats and incorporates herein by reference Paragraphs 1-4 of this Cross Claim.

6. If Bordwell is held liable to the Plaintiff, which he denies, then Marini and Kiriakos must be adjudged jointly liable in tort pursuant to M.G.L. c. 231B § 1 et. seq.

7. If Bordwell is held liable to the Plaintiff, which he denies, then Bordwell is entitled to pro-rata contribution from Marini and Kiriakos.

WHEREFORE, Bordwell demands judgment against Marini and Kiriakos in the amount of his pro-rata share of any judgment awarded in favor of the Plaintiff against Bordwell.

**Bordwell claims trial by jury on all issues so triable.**

Dated:  March 7, 2008

                                                          Respectfully submitted,
                                                          SEAN BORDWELL
                                                          By his Attorney,

                                                          */s/ Raymond Sayeg*_____
                                                          Raymond Sayeg, BBO #555437
                                                          DENNER PELLEGRINO, LLP
                                                          Four Longfellow Place, 35th Floor
                                                          Boston, MA  02114
                                                          Telephone:  (617) 742-1184
                                                          Facsimile:  (617) 973-1562

## CERTIFICATE OF SERVICE

     I, Raymond Sayeg, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 7, 2007.

                                                          */s/ Raymond Sayeg*_____
                                                          Raymond Sayeg