UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID COX,<br><br>               Plaintiff,<br><br>v.<br><br>RYAN MARINI, SEAN BORDWELL,<br>AND ANDREW KIRIAKOS<br><br>               Defendants. | Civil Action No.05 -cv-11608 |

## PLAINTIFF –DEFENDANT-IN-COUNTERCLAIM'S ANSWER TO DEFENDANT BORDWELL'S COUNTERCLAIM

The Plaintiff-Defendant-in-counterclaim, David Cox ("Cox") hereby answers, defends and affirmatively defends the Defendant-Plaintiff-in-Counterclaim Sean Bordwell's ("Bordwell") Counterclaim ("Counterclaim") as follows:

1. To the extent that Paragraph 1 contains any legal or factual allegations requiring a response, Cox admits said allegation with respect to his Amended Complaint and is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 1 of the Counterclaim, and so, denies.

2. Cox admits that he spoke with an officer on August 17, 2002 after being attacked by three assailants (the "Incident"). Further answering, Cox identified Defendant Ryan Marini, as one of the individuals that punched and kicked him in the head during the Incident. Cox denies that he told a police officer that only two men assaulted him during the Incident, and denying any remaining allegations contained in Paragraph 2 of the Counterclaim.

3. Cox states that Bordwell attempted to intervene and restrained Plaintiff Cox during the Incident. Further answering, Cox is without sufficient information to confirm or deny Bordwell's location at the time the police arrived. Cox denies Paragraph 3 to the extent that it implies that Bordwell did not actively participate in the Incident and denies any remaining allegations contained in Paragraph 3 of the Counterclaim.

4. Cox admits that he identified Marini as one of the three individuals that attached him during the Incident. Cox admits that Marini was arrested, charged, prosecuted and tried for his actions concerning the Incident. Cox admits that he was attacked by three assailants during the Incident. Further answering, Cox denies any remaining allegations contained in Paragraph 4 of the Counterclaim.

5. Cox denies this paragraph to the extent that it implies that Bordwell was not a participant in the Incident. Cox is without knowledge or information sufficient to admit or deny the extent to which Bordwell was investigated and/or prosecuted by law enforcement.

6. Cox admits he filed the present action against Bordwell and the other Defendants in this action and has asserted various claims in connection with the Incident. Cox denies all remaining allegations contained in Paragraph 6 of the Counterclaim.

7. Plaintiff Cox admits that the Marini affidavit referenced in Paragraph 7 speaks for itself. Plaintiff Cox denies that Bordwell was anything other than an active

- 3 -

participant in the Incident, and denies any remaining allegations contained in Paragraph 7 of the Counterclaim.

## COUNT I-MALICIOUS PROSECUTION

8. Cox incorporates by reference his response to paragraphs 1 through 7 of Bordwell's Counterclaim as if fully set forth herein and denies any remaining allegations contained in paragraph 8 of Bordwell's Counterclaim.

9. Denied.
10. Denied.
11. Denied.
12. Denied.

## COUNT II-ABUSE OF PROCESS

13. Cox incorporates by reference his response to paragraphs 1 through 12 of Bordwell's Counterclaim as if fully set forth herein and denies any remaining allegations contained in paragraph 13 of Bordwell's Counterclaim.

14. Denied.
15. Denied.
16. Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Bordwell's Counterclaim fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant Bordwell's claims are barred by the doctrine of laches.

### THIRD DEFENSE

Bordwell's claims are barred by the doctrine of estoppel.

### FOURTH DEFENSE

Bordwell's claims are barred by the doctrine of unclean hands.

### FIFTH DEFENSE

Bordwell's claims are barred by the doctrine of waiver.

### SIXTH DEFENSE

As a result of Bordwell's failure to assert his claims as compulsory counterclaims in his original answer, Bordwell is estopped and/or has waived his ability to assert them now.

### SEVENTH DEFENSE

Bordwell's Counterclaim should be dismissed as Bordwell has an adequate remedy at law, dismissal of Cox's claims against Bordwell and/or a judgment in favor of Bordwell would be adequate remedy.

### EIGHTH DEFENSE

Bordwell's claim for malicious prosecution is not ripe for adjudication as he has not identified a legal and final termination of a prior proceeding in Bordwell's favor involving the Incident or Plaintiff Cox.

### NINTH DEFENSE

Bordwell's lacks standing to assert a claim for malicious prosecution as such a claim requires a legal and final termination of a prior proceeding in Bordwell's favor.

## TENTH DEFENSE

Bordwell's claims are barred by Massachusetts Anti-Slap Suit 231 § 59H. By filing a civil rights suit, Cox was exercising his right of petition under the both the Constitution of the United States and the Constitution of the Commonwealth. Bordwell's Counterclaim was filed in response to Plaintiff Cox's right to petition and is not based on any cognizable injury.

## ELEVENTH DEFENSE

Bordwell's counterclaim is contrary to public policy.

## JURY DEMAND

Plaintiff Cox hereby requests a jury trial as to all issues so triable.

By his attorneys,

HOLLAND & KNIGHT LLP

/s/ Damon P. Hart
Damon P. Hart (BBO No. 644586)
Jennifer Antoniazzi(BBO. No. 654653)
Lydia Edwards (BBO No. 666261)
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Dated: March 27, 2008

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 27, 2008.

/s/ Damon P. Hart
Damon P. Hart

# 5215921_v1