UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID COX,

    Plaintiff,

v.

RYAN MARINI, SEAN BORDWELL, and JOHN DOE,

    Defendants.

Civil Action No. 05-11608-GAO

## DEFENDANT RYAN MARINI'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant Ryan Marini ("Marini"), by his attorneys, hereby responds to the allegations in the Amended Complaint filed by David Cox ("Plaintiff") as follows:

### Introduction

1. Marini denies the allegations in Paragraph 1 of the Amended Complaint.

### Parties

2. Marini is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Amended Complaint.

3. Marini admits the allegations in Paragraph 3 of the Amended Complaint.

4. Marini is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Amended Complaint.

5. Marini is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Amended Complaint.

### Jurisdiction and Venue

6. Paragraph 6 of the Amended Complaint sets forth a conclusion of law for which no response is required.

7. Paragraph 7 of the Amended Complaint sets forth a conclusion of law for which no response is required.

8. Paragraph 8 of the Amended Complaint sets forth a conclusion of law for which no response is required.

9. Paragraph 9 of the Amended Complaint sets forth a conclusion of law for which no response is required.

## General Allegations

10. Marini denies the allegations in Paragraph 10 of the Amended Complaint.

11. Marini denies that he confronted Plaintiff; Marini is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Amended Complaint, and therefore denies same.

12. Marini denies the allegations in Paragraph 12 of the Amended Complaint.

13. Marini is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Amended Complaint.

14. Marini is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Amended Complaint.

15. Marini denies that he punched the Plaintiff; Marini is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Amended Complaint, and therefore denies same.

16. Marini denies that he kicked Plaintiff; Marini is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Amended Complaint, and therefore denies same.

17. Marini denies that he rammed Plaintiff's head into a car; Marini is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Amended Complaint, and therefore denies same.

18. Marini denies that he kicked Plaintiff and further denies that he directed racist epithets and other vulgarities at Plaintiff; Marini is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Amended Complaint, and therefore denies same.

19. Marini denies that he attacked Plaintiff; Marini is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Amended Complaint, and therefore denies same.

20. Marini is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Amended Complaint.

21. Marini is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Amended Complaint.

22. Marini is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Amended Complaint.

## COUNT I
**Conspiracy to Deprive the Plaintiff of his Constitutional Rights and Privileges Under 42 U.S.C. §1985(3)**

23. Marini repeats and re-alleges his responses to the allegations contained in paragraphs 1 through 22 of the Amended Complaint as if fully set forth herein.

24. Marini denies the allegations in Paragraph 24 of the Amended Complaint.

25. Marini denies the allegations in Paragraph 25 of the Amended Complaint.

26. Marini denies the allegations in Paragraph 26 of the Amended Complaint.

## COUNT II
### Violation of the Massachusetts Civil Rights Act

27. Marini repeats and re-alleges his responses to the allegations contained in paragraphs 1 through 26 of the Amended Complaint as if fully set forth herein.

28. Marini denies the allegations in Paragraph 28 of the Amended Complaint.

29. Marini denies the allegations in Paragraph 29 of the Amended Complaint.

## COUNT III
### Assault and Battery

30. Marini repeats and re-alleges his responses to the allegations contained in paragraphs 1 through 29 of the Amended Complaint as if fully set forth herein.

31. Marini denies the allegations in Paragraph 31 of the Amended Complaint.

32. Marini denies the allegations in Paragraph 32 of the Amended Complaint.

## COUNT IV
### Intentional Infliction of Emotional Distress

33. Marini repeats and re-alleges his responses to the allegations contained in paragraphs 1 through 32 of the Amended Complaint as if fully set forth herein.

34. Marini denies the allegations in Paragraph 34 of the Amended Complaint.

35. Marini denies the allegations in Paragraph 35 of the Amended Complaint.

36. Marini denies the allegations in Paragraph 36 of the Amended Complaint.

37. Marini denies the allegations in Paragraph 37 of the Amended Complaint.

38. Marini denies the allegations in Paragraph 38 of the Amended Complaint.

## COUNT V
### False Imprisonment

39. Marini repeats and re-alleges his responses to the allegations contained in paragraphs 1 through 38 of the Amended Complaint as if fully set forth herein.

40. Marini denies the allegations in Paragraph 40 of the Amended Complaint.

41. Marini denies the allegations in Paragraph 41 of the Amended Complaint.

42. Marini denies the allegations in Paragraph 42 of the Amended Complaint.

WHEREFORE, Defendant Marini requests that judgment be entered on his behalf, and that this action be dismissed with prejudice, together with any other relief this Court deems appropriate.

### Jury Demand

Marini demands a trial by jury on all issues so triable.

### Affirmative Defenses

### First Affirmative Defense

Plaintiff's allegations fail to state claims upon which relief can be granted

### Second Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations.

### Fifth Affirmative Defense

To the extent the Plaintiff has suffered any losses, which is denied, such losses were caused by someone for whose conduct Marini was not and is not legally responsible.

### Sixth Affirmative Defense

To the extent the Plaintiff has suffered any losses, which is denied, such losses were caused in whole or in part by his own negligence, which negligence exceeded that of Marini.

### Seventh Affirmative Defense

Plaintiff's claims fail for lack of jurisdiction over the person.

### Eighth Affirmative Defense

The Plaintiff, by his conduct and actions and/or the conduct and actions of his agents or servants is estopped from recovering any judgment against Marini.

### Ninth Affirmative Defense

The Plaintiff was guilty of contributory negligence and the damages, if any are recovered by the Plaintiff from Marini, should be reduced in proportion to said negligence of the Plaintiff.

### Tenth Affirmative Defense

Plaintiff's claims are insubstantial, frivolous and not advanced in good faith and warrant the imposition of reasonable counsel fees, costs and expenses pursuant to M.G.L. c. 231, §6F.

DEFENDANT RYAN MARINI
Respectfully submitted,

_/s/ Matthew P. Zayotti_
Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

Dated: May 15, 2008

---

**CERTIFICATE OF SERVICE**
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on 5/15/08.

_/s/ Matthew P. Zayotti_