UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID COX,<br><br>        Plaintiff,<br><br>v.<br><br>RYAN MARINI, SEAN BORDWELL, and<br>JOHN DOE,<br><br>        Defendants. | Civil Action No. 05-11608-GAO |

### DEFENDANT RYAN MARINI'S ANSWER AND
### AFFIRMATIVE DEFENSES TO SEAN BORDWELL'S CROSS CLAIM

Defendant Ryan Marini ("Marini"), by his attorneys, hereby responds to the allegations in the Cross Claim filed by Defendant Sean Bordwell ("Bordwell") as follows:

### COUNT I – INDEMNIFICATION

1. Marini repeats and incorporates herein by reference his responses to each and every paragraph of Plaintiff's Amended Complaint.

2. The allegations contained in Paragraph 2 of the Cross Claim are not directed towards Marini, wherefore no response is required. To the extent a response is required, Marini denies the allegations contained in this paragraph.

3. Marini denies the allegations in Paragraph 3 of the Cross Claim.

4. Marini denies the allegations in Paragraph 4 of the Cross Claim.

WHEREFORE, Defendant Marini requests that judgment be entered on his behalf, and that this action be dismissed with prejudice, together with any other relief this Court deems appropriate.

## COUNT IV [sic] – CONTRIBUTION

5.     Marini repeats and re-alleges his responses to the allegations contained in paragraphs 1 through 4 of the Cross Claim as if fully set forth herein.

6.     The allegations contained in Paragraph 6 of the Cross Claim state conclusions of law as to which no response is required. To the extent that any response is required, Marini denies the allegations contained in Paragraph 6 of the Cross Claim.

7.     The allegations contained in Paragraph 7 of the Cross Claim state conclusions of law as to which no response is required. To the extent that any response is required, Marini denies the allegations contained in Paragraph 7 of the Cross Claim.

WHEREFORE, Defendant Marini requests that judgment be entered on his behalf, and that this action be dismissed with prejudice, together with any other relief this Court deems appropriate.

### Jury Demand

Marini demands a trial by jury on all issues so triable.

### Affirmative Defenses

### First Affirmative Defense

Bordwell's allegations fail to state claims upon which relief can be granted

### Second Affirmative Defense

Bordwell's claims are barred by the doctrine of unclean hands.

### Third Affirmative Defense

Bordwell's claims are barred by the doctrine of laches.

### Fourth Affirmative Defense

Bordwell's claims are barred by the applicable statute of limitations.

### Fifth Affirmative Defense

To the extent the Bordwell has suffered any losses, which is denied, such losses were caused by someone for whose conduct Marini was not and is not legally responsible.

### Sixth Affirmative Defense

To the extent the Bordwell has suffered any losses, which is denied, such losses were caused in whole or in part by his own negligence, which negligence exceeded that of Marini.

### Seventh Affirmative Defense

Bordwell's claims fail for lack of jurisdiction over the person.

### Eighth Affirmative Defense

Bordwell, by his conduct and actions and/or the conduct and actions of his agents or servants is estopped from recovering any judgment against Marini.

### Ninth Affirmative Defense

Bordwell was guilty of contributory negligence and the damages, if any are recovered by Bordwell from Marini, should be reduced in proportion to said negligence of the Bordwell.

### Tenth Affirmative Defense

Bordwell's claims are insubstantial, frivolous and not advanced in good faith and warrant the imposition of reasonable counsel fees, costs and expenses pursuant to M.G.L. c. 231, §6F.

DEFENDANT RYAN MARINI
Respectfully submitted,

_____
Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

Dated: May 15, 2008

---

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on 3/15/08.

_____